# Williams *v.* The State.

*Indictment for Vagrancy.*

1. *Judgment imposing additional hard labor for fine and costs.*—When a fine is the only punishment imposed, and, the fine and costs not being paid presently, a sentence to hard labor is imposed by the court, the term of labor for the fine is fixed by section 3760 of the Revised Code, while section 4061 regulates the term for the unpaid costs.

FROM the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

The defendant in this case, Aaron Williams, was indicted for vagrancy; pleaded not guilty; was convicted, and fined ten dollars by the verdict of the jury; and the fine and costs not being paid or secured, the court sentenced him " to perform hard labor for the county of Montgomery for ten days for the fine, and at the rate of ten cents per day for the costs until paid, making two hundred and forty-eight days hard labor for the costs, and two hundred and fifty-eight days in the aggregate." The defendant objected to the latter part of this judgment, and it is the only matter here urged as error.

EDWIN F. JONES, for the defendant.—When the punishment imposed on conviction, whether by the court or the jury, is hard labor for the county, and an additional term of hard labor is imposed by the court to cover the unpaid costs, the duration of such additional term is regulated by section 4061 of the Revised Code. But, when a fine is the only punishment imposed, the term of additional hard labor which may be imposed is regulated by section 3760; and this covers both the fine and the costs. These two sections are *in pari materia,* and are to be construed as parts of one and the same statute. They were in fact adopted at the same time, being sections 213 and 511 of the Penal Code of 1866; and the amending act of February 16, 1867, only made the latter section apply to all costs, instead of "the costs of State witnesses and judge's fees," as it originally provided. This construction was virtually adopted in the case of *Morgan v. The State,* 47 Ala. 36, where the defendant paid the fine assessed

[McIntyre v. The State.]

against him, and was sentenced to hard labor for the unpaid costs under section 3760.

JOHN W. A. SANFORD, Attorney-General, for the State.

MANNING, J.—While the different sections of the Revised Code should be so construed as to make them, when it can be done, harmonize with one another, to hold that one section of it must be interpreted by reference to every other, with as much critical severity as if they were sections of a single ordinary statute, would be establishing too strict a rule on the subject. It is well known that many acts were passed after the adoption of the original Code of 1852, that were supplementary to, as well as many that were merely amendatory of its provisions. Of the former sort was the act of the 16th of February, 1867, which is incorporated as section 4061 into the Revised Code. Previously to that date, it had been provided, as set forth in section 3760, that if a person, convicted of an offense, did not pay, or secure to be paid, the fine and costs which he was adjudged to pay, he might be imprisoned; and the duration of his imprisonment was to be determined by the amount of the fine as therein prescribed. By the statute embodied in section 4061, the unpaid costs were also to be considered in determining the length of time the convict should be sentenced to imprisonment or hard . labor. One of these sections does not take the place of the other, as the entire enactment on the matter to which they relate, but the later one is supplementary to the earlier ; and in *Caldwell v. The State*, at the present term, it has been held that section 4061 was not in violation of the constitution.

The judgment of the court below must be affirmed.