# Ex parte Brown.

*Petition for Habeas Corpus.*

1. *Appellate jurisdiction on habeas corpus.*—When application is made to this court for the writ of *habeas corpus*, after relief has been refused by an inferior court or magistrate, to whom a proper application was made, the jurisdiction of this court is revisory and appellate only ; hence, it can not receive or consider evidence which was not before the primary court or judge.

2. *Criminal jurisdiction of justice of the peace in Jackson county.*—The General Assembly, in the exercise of its constitutional powers, having conferred upon justices of the peace in Jackson county, and in certain other counties specially named, "original jurisdiction, concurrent with the Circuit Court, of all misdemeanors committed in said counties respectively" (Sess. Acts 1876–7, p 197), this grant of jurisdiction carries with it, by implication, every thing necessary to render it effectual ; and in the exercise of this jurisdiction, a justice of the peace may render the same judgment that might be rendered by the Circuit Court, and, on conviction of the defendant, may impose the same sentence and punishment that might be imposed by either the court or the jury.

3. *Relief on habeas corpus.*—To authorize a discharge from custody on *habeas corpus*, when the applicant or prisoner is held under the order of a court or magistrate, a want or excess of jurisdiction, and not a mere irregularity in the exercise of jurisdiction, must be shown.

APPLICATION by petition for the writ of *habeas corpus*, to procure the discharge of Samuel Brown from custody and imprisonment by the jailor of Jackson county, under a *mittimus*, or order of commitment, issued and signed by W. L. Kirkpatrick, a justice of the peace of said county. The petition to this court · alleged, that the prisoner was wrongfully held in custody, "because said justice of the peace exceeded his jurisdiction as to matter, and his sentence is not in accordance with law, being in excess of what said justice could render ;" and a copy of the judgment and sentence of the justice, with the order of commitment and the original affidavit and warrant of arrest, were made exhibits to the petition. The petition further alleged that application was made to this court for relief, because a proper application had been previously made to Hon. NELSON KYLE, the judge of probate of said county, and had been by him refused ; and a copy of his decision in the matter, giving his reasons for refusing to discharge the prisoner, was also made an exhibit to the petition. In the warrant of arrest, and in the affidavit on which it was issued, as those papers show, the offense charged against the prisoner was "an assault and battery with a knife with intent to murder," alleged to have

been committed on one A. J. Pace; while the judgment and sentence of the justice was, that the defendant was "guilty to the extent of an assault and battery, and sentenced to one year's hard labor for the use of the county." In the order of commitment, however, it was stated that the accused "was charged with an assault and battery with a knife upon the person of A. J. Pace, and was tried and convicted, and sentenced to one year's hard labor for the use of said county;" and the judgment of the probate judge recites, that the *mittimus* was the only evidence introduced before him.

L. C. COULSON, for the petitioner.

BRICKELL, C. J.—A prisoner, who, by some court or judge, competent to act in the premises, has, on a proper application, been denied relief on *habeas corpus*, may in this court renew the application. The jurisdiction this court exercises is revisory and appellate—not original; and facts which were not before the court or judge hearing the application originally, can not be here introduced. We do not look, therefore, into the papers attached to the petition to this court, which were not before the judge of probate.—*Ex parte Croom & May*, 19 Ala. 561.

The constitution confers on the General Assembly the power of dispensing with a grand jury, in prosecutions for misdemeanors, and to authorize such prosecutions before justices of the peace, or such other inferior courts as may be by law established. In the exercise of this power, the General Assembly, by act approved February 8, 1877, clothed justices of the peace, in Jackson and several other counties, with *original jurisdiction, concurrent with the Circuit Court, of all misdemeanors committed in said counties.*—Pamphlet Acts, 1876–7, p. 197. · This grant of jurisdiction carries, by implication, every thing which is necessary to render it effectual.— 9 Bac. Ab. 219–20. The justice has full jurisdiction to render a judgment of conviction, or of acquittal. If the judgment is of conviction, he can pronounce the same sentence of punishment, which could be pronounced in the Circuit Court, either by the court or the jury. Pronouncing the same, no other, or greater, whatever of irregularity may intervene, there is not a want or excess of jurisdiction, and on *habeas corpus* the prisoner can not be discharged. *Illegality*, not *irregularity*, must infect the proceedings, to authorize a discharge on *habeas corpus*. The prisoner was convicted by the justice of an assault and battery with a knife; and if the knife was a deadly weapon, and other facts were made apparent, a sentence of hard labor for the county for the

term of twelve months was authorized by law.—Code of 1876, § 4315.

There was no proper ground for the discharge of the prisoner shown to the probate judge, and he was not in error in refusing it.   The application is refused.