# *Ex parte* City Council of Montgomery, *in re* Bandy.

*Application for Certiorari; in matter of Discharge on Habeas Corpus.*

1. *Municipal ordinance construed, as to sentence to fine and hard labor.* The municipal ordinance of the city of Montgomery, providing that any person convicted of a violation of any by-law or ordinance of the city " may be punished by fine or imprisonment, *or* by fine and imprisonment, *or* by hard labor upon the streets or public works of the city," does not authorize the imposition of a money fine *and* a sentence to hard labor for one and the same offense ; though hard labor may, under the provisions of another ordinance, be imposed on non-payment of the fine.

APPLICATION by petition, in the name of the City Council of Montgomery, for the writ of *certiorari*, to bring before this court for review the proceedings had before Hon. F. C. RANDOLPH, the judge of probate of Montgomery county, discharging one Peter Bandy from the custody of the municipal authorities of the city of Montgomery, on *habeas corpus*.   The opinion states the facts.

J. M. FALKNER, for the petitioners.

JNO. GINDRAT WINTER, *contra.*

STONE, C. J.—Peter Bandy was tried before the mayor of the city, and convicted of larceny.   He was sentenced to pay a fine of one hundred dollars and the costs of the prosecution, and, in addition thereto, was sentenced to six months hard labor for the city ; and in default of payment of fine and costs, he was sentenced to hard labor for the city ——— days. He was put to labor on the streets of the city, in what is known as the " chain-gang."   He thereupon sued out a writ of *habeas corpus* before Judge RANDOLPH, who made an order discharging him from custody.   The present proceeding is an application for a *certiorari* from this court, to have the proceedings before Judge Randolph certified to this court, and here quashed.

The ordinance of the city which prescribes the modes of punishment that may be inflicted for violations of its by-laws, is in the following language : " That any person convicted for

[Ashurst v. The State.]

the violation of the by-laws or ordinances of the city of Montgomery, may be punished by fine or imprisonment, or by fine and imprisonment, or by hard labor upon the streets or public works of the city, or for the city." There is a further provision, that the fine shall not exceed one hundred dollars, and the sentence to imprisonment or hard labor shall not exceed six months. Under this ordinance, can there be, for one and the same offense, a sentence of both a money fine and to perform hard labor? We think not. The ordinance gives the option of inflicting a money fine, or imprisonment, one or both. It likewise gives the option of sentencing to hard labor. It gives no such option, however, when either a money fine or imprisonment has been imposed, except as a means of coercing the payment of the fine and costs. Its language is, "and in event the fine and costs are not presently paid, [the offender] may be required to work out the fine and costs under the direction of the city authorities." A money fine having been assessed, and the minute of the judgment showing that the sentence to hard labor was imposed as additional punishment, and not as a means of collection, it was beyond the power and jurisdiction of the municipal court, and the probate judge did not err in discharging the prisoner.

The writ of *certiorari* is denied.