# *Ex parte* Mayor and City Council of Anniston *in re* Ballew.

*Application for Certiorari to Probate Judge, in re Discharge on Habeas Corpus.*

1. *Punishment under city charter for violation of municipal ordinance.* Where the charter of a municipal corporation authorizes the mayor and city council, on conviction of any person for a violation of a municipal ordinance, "to fine or imprison, *or* to fine and imprison, *or* to sentence to labor, and in the event the fine and costs are not paid to require the offender to work out the fine and costs under the direction of the city authorities;" a money fine and a sentence to labor can not be imposed in one and the same case, unless the labor is added only as a mode of enforcing payment of the fine.

Application for writ of *certiorari* to Hon. EMMETT F. CROOK, Judge of Probate Court of Calhoun county.

Ballew was discharged under proceedings for writ of *habeas corpus*. The mayor and city council of Anniston applied to the Supreme Court for writ of *certiorari* and to reverse the judgment of the lower court.

MacDONALD & WILLIAMS, for petitioners.

BROTHERS, WILLETT & WILLETT, *contra.*

CLOPTON, J.—Ballew was convicted of violating an ordinance adopted by the mayor and council of Anniston "to prevent the sale of whiskey or intoxicating liquor in the corporate limits of Anniston; and was sentenced to pay a fine of fifty dollars, and to one month's labor on the streets. The ordinance is not set out in the record, and we are uninformed of its provisions. Subdivision 22 of paragraph 13 of the act of incorporation, as amended, confers on the mayor

[Ex parte Mayor and City Council of Anniston in re Ballew.]

and city council authority "to impose fines, forfeitures and penalties for the breach of any ordinance, and to provide for their recovery and appropriation;" and subdivision 31 of the same paragraph confers power "to impose fines, forfeitures, penalties and terms of imprisonment in the city work-house, the county jail, or work on the public streets, if male-persons, for the breach of any city ordinance." The grant of these general legislative powers is qualified, and their exercise restricted by the express provision in the grant itself—"within the limitations of this act provided." Such limitations are provided by paragraph 33 of the act, as follows: "The mayor and councilmen of the city of Anniston trying any person for any violation of any of the by-laws or ordinances of said city council shall, upon the conviction of any such person, have power to fine, or imprison, or to fine and imprison him, or to sentence him to labor on the streets or public works of the city, or for the city, and in the event the fine and costs are not paid, to require the offender, or person thus in default, to work out the fine and costs under the direction of the city authorities."—Acts 1886–87, p. 307. Under these provisions of the act of incorporation, the mayor may impose a fine, or imprisonment, or both, or he may sentence to labor on the streets or public works of the city; but when a fine has been assessed, he is without authority to sentence to labor on the streets as additional punishment, though if the fine is not paid, he may do so as a mode of enforcing its payment. The judgment of conviction shows, that the mayor assessed a fine to the full extent authorized by the statute, and super-added one month's labor on the street as punishment, and not as a mode to coerce payment of the fine. The sentence is in excess of the power and jurisdiction of the mayor, and is therefore void. *Ex parte City Council of Montgomery*, 79 Ala. 275.

*Certiorari* denied.