## *Ex parte* State, *in re* Long.

*Application for Prohibition to Probate Judge, in matter of Discharge on Habeas Corpus.*

1. *Hard labor for county, on non-payment of fine and costs.*—On conviction of a misdemeanor punishable by fine only, or so punished in the particular case, followed by a sentence to hard labor for the county to enforce its payment, an additional term of hard labor may be imposed for the payment of costs (Code, §§ 4502-04), as if hard labor or imprisonment had been part of the punishment originally imposed. (CLOPTON, J., *dissenting*.)

2. *Same; discharge on habeas corpus.*—On a conviction of vagrancy before a justice of the peace, a fine of $20 being imposed, followed by a sentence, in default of payment of the fine and costs, that the defendant be detained in custody "until he performs twenty days hard labor for the county for said fine, and sixty days for said costs," is a nullity, and not void only for the excess of hard labor which might have been imposed; and the prisoner is entitled to be discharged from custody on *habeas corpus.*

APPLICATION in the name of the State, on the relation of the Attorney-General, for a writ of prohibition to Hon. F. C. RANDOLPH, judge of the Probate Court of Montgomery, for the purpose of reviewing and quashing certain proceedings had before him on the petition of Joe Long, who was discharged from custody on a hearing on *habeas corpus.* Said Long was convicted of vagrancy before B. H. Screws, a justice of the peace, and fined $20; and the justice's *mittimus* to the jailor directed him to take said Long into custody, "in default of payment of said fine, and costs amounting to $18.25, and detain him until he performs twenty days hard labor for the county for said fine, and sixty days for payment of said costs, subject to the order of the Board of Revenue." Judge Randolph discharged the prisoner, on the ground that the sentence to hard labor for twenty days, on non-payment of the fine, was void.

WM. L. MARTIN, Attorney-General, and T. LOMAX, for the State.

GEO. F. MOORE, *contra.*

CLOPTON, J.—It appears from the return of the sheriff to the writ of *habeas corpus,* that the petitioner is retained under a *mittimus,* following a judgment of conviction on a prosecution for vagrancy, rendered by a justice of the peace. The justice assessed a fine of twenty dollars; and the *mittimus* commands the officer to take the petitioner, in default of the payment of the fine and costs, "into custody, and detain him until he performs twenty days hard labor for the county for said fine, and sixty days for payment of said costs, subject to the order of the Board of Revenue." On the hearing of the application, the judge of probate ordered the petitioner to be discharged, on the ground that the justice had exceeded his jurisdiction in the sentence and judgment. This proceeding is an application for a writ of prohibition, or other proper remedial writ, to vacate and annul the order of discharge, and to prevent its enforcement.

The authority of the justice to impose additional hard labor for the payment of costs is claimed under section 4504 of the Code of 1886. The corresponding section (4731) of the Code of 1876 read as follows: "If, on conviction before the County, Circuit or City Court, judgment is rendered against the accused, that he perform hard labor for the county, and if the costs are not presently paid, then the court may impose additional hard labor for the county, for a term sufficient to cover all costs and officers' fees, allowing not exceeding forty cents *per diem*, for the additional labor imposed." In *Ex parte McKivett*, 55 Ala. 236, it was held, that this statute conferred no authority on a justice of the peace to sentence to hard labor for the county for the payment of costs, the authority being confined by the words of the statute to the County, Circuit and City Courts. The section was amended by the act of February 26, 1881, by prescribing a limit to the term for which additional hard labor may be imposed, reducing the rate to thirty cents *per diem*, and adding other provisions not material in this case. The section as amended is incorporated in the Code of 1886 as section 4504, except that the words, *before the County, Circuit or City Court*, are omitted. The argument is, that by the omission of these words, in view of the judicial construction previously placed upon the statute, the legislature intended a change, and that the effect is to confer on all courts, having jurisdiction to try and convict of criminal offenses, authority to impose additional hard labor for the county for costs. The general rule is, that a material change in the phraseology of a subsequent statute, revising a pre-existing statute, indicates a changed legislative intent. The force of the argument must be admitted; and it may be that it was the intent to extend such authority to all courts having criminal jurisdiction in cases to which the section is applicable. Conceding this, there yet lies behind it the question, whether the case of the petitioner falls within the operation of section 4504.

There are other sections of the Code relating to the same subject. Section 4502 provides: "When a fine is assessed, the court may allow the defendant to confess judgment, with good and sufficient sureties, for the fines and costs." And section 4503 declares: "If the fine and costs are not paid, or a judgment confessed according to the provisions of the preceding section, the defendant must either be imprisoned in the county jail, or, at the discretion of the court, sentenced

to hard labor for the county, as follows;" and the section then proceeds to specify the terms of days, for which the defendant may be imprisoned or sentenced to hard labor, regulated by, and increased in proportion to the amount of the fine. The statutes composing sections 4503 and 4504, except as amended, have co-existed since 1866, and are embodied in the same article of the same chapter of the present Code. They should, therefore, be read as continuous sections of the same act, and so construed as to harmonize each with the other. A separate and distinct field should be assigned to each, in which its provisions may operate, without colliding with any of the provisions of the other, or covering the same space.

Legal punishments are defined by the statute as follows: "Fines, hard labor for the county, imprisonment in the county jail, imprisonment in the penitentiary, which includes hard labor for the State, and death by hanging."—Code, 1886, § 4492. Different crimes are differently punished. Some misdemeanors are punishable by fine only; others by fine, to which imprisonment in the county jail, or hard labor for the county, may be added; and in all cases in which the imprisonment or sentence to hard labor is for twelve months or less, the defendant must be sentenced to imprisonment in the county jail, or to hard labor for the county. Chapter ten of the Code, which contains all the sections herein above referred to, relates to the subject of punishment, and forms a complete system, constructed in view of, and in relation to the different kinds and degrees of punishment affixed by the statutes to different crimes. Sections 4502 and 4503 relate specially and particularly to fines, and apply and govern when, on conviction, the accused is fined only—when hard labor for the county can not be by law, or is not, when discretionary with the court, superadded. Section 4503 does not provide punishment which must or may be imposed in the first instance, but a substituted punishment, which must be imposed only when there is a failure to pay the fine and costs, or confess judgment therefor, as allowed by section 4502. In the imposition of such substituted punishment, the court has no authority to exceed the term of imprisonment or hard labor, for the fine and costs, or either of them, expressly fixed by the statute.

Section 4504 has another and different field of operation. By its terms, authority to impose additional hard labor for the costs is confined to cases where, on conviction, judgment

4

is rendered that the accused perform hard labor for the county, and the costs are not presently paid; that is, where the accused is convicted of a crime, to which the special statute, in regard to the particular offense, affixes the punishment of hard labor for the county as one of the authorized modes of punishment; and the court may render judgment that the defendant perform hard labor for the county, as the primary, not the alternative punishment authorized by section 4503. To illustrate : We have said that several statutes affix, as punishment on conviction of certain misdemeanors, that the defendant must be fined, and may be imprisoned in the county jail, or sentenced to hard labor for the county not exceeding a specified term; in such case, if the court should render judgment that the accused be fined only, or, in addition, be imprisoned in the county jail, section 4504 confers no authority to impose hard labor for the costs. Under section 4503, though the defendant may pay the fine, should he fail or refuse to pay or confess judgment for the costs, he may, nevertheless, be imprisoned or sentenced to hard labor for the term of days specified in the section.—*Morgan v. State*, 47 Ala. 34. But the term of days for which he may be sentenced must, under the statute, be determined by the amount of the fine, and not the costs. To hold that, in such case, additional hard labor for the county may be imposed for the cost under section 4504, would be tantamount to an imposition of double punishment.

The present case affords a fair illustration of our views. The punishment for vagrancy, the offense of which petitioner was convicted, is, that the defendant, "on conviction for the first offense, be fined, not less than ten, nor more than fifty dollars; and on a second conviction, within six months after the first, must be fined not less than fifty, nor more than one hundred dollars, and may be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months."—Code, 1886, § 4047. The petitioner was convicted for the first offense, and fined twenty dollars. Under section 4503, failing to pay or confess judgment for the fine and costs, the petitioner could and should have been sentenced to imprisonment in the county jail, or to hard labor for the county, for ten days; but beyond this, the justice could not sentence him, either for the fine or costs. Should he be convicted a second time, within six months after the first, and fined, and also sentenced to hard labor for the county, then, under section 4504, the court could impose

additional hard labor for costs.   A sentence to hard labor, according to the provisions of section 4503, does not constitute a basis for the imposition of additional hard labor for the costs under section 4504.   The latter was not designed to be supplemental to the former section.   By this construction, each has a distinct and independent sphere of operation, and distinct purposes.   Our conclusion is, that the justice, having assessed a fine only, had no authority to impose the additional hard labor for the county for the costs.

But the justice also exceeded his authority by imposing hard labor for twenty days for the fine.   The amount of the fine assessed being twenty dollars, the petitioner could not, under the statute, be sentenced to hard labor for the county for a longer term than ten days.   It is contended, however, that this is an error or irregularity for which he should not be discharged on *habeas corpus;* and we are referred, as sustaining this position, to *Ex parte Simmons*, 62 Ala. 416; *Ex parte Hubbard*, 65 Ala. 473, and *Ex parte Herrington*, at the present term; 5 So. Rep. 831.   When the defendant is retained by virtue of process from a court having jurisdiction of the subject-matter, *habeas corpus* is not an appropriate mode to correct mere errors or irregularities in the sentence and judgment.   To justify a discharge, the process must not be authorized by any provision of the law.   Illegality, usurpation, or excess of jurisdiction is essential.   This is also the statutory rule.—Code, 1886, § 4785.   In each of the cases cited by counsel, the error or irregularity intervened in a matter which the court had jurisdiction to hear and determine.   In respect to the term of hard labor to which the petitioner could be sentenced, nothing rested in the discretion or judgment of the justice.   He had but to declare the term positively and absolutely fixed by the statute.   The informality of the *mittimus*, in commanding the jailor to detain petitioner until he performed the hard labor to which he was sentenced, may be considered an irregularity, which of itself would not authorize his discharge.   That this sentence to twenty days hard labor for the county for the fine, and sixty days for the costs, is in excess of the jurisdiction of the justice, was expressly decided in the analogous case of *Ex parte McKivett*, *supra*, where it is said:   "When the justice passed beyond the term of ten days as a term of hard labor for the county, he exceeded his jurisdiction.   The sentence is consequently void, and the *mittimus* expressing it as

a cause of detention is also void." The same principle was asserted and sustained in the subsequent cases of *Ex parte City Council of Montgomery*, 79 Ala. 275; and *Ex parte Mayor of Anniston*, 84 Ala. 21. Had the justice sentenced the petitioner to ten days' hard labor for the fine, and sixty days for the costs, we should have regarded the latter part of the sentence only as void, and the petitioner would have been required to work out the ten days before entitled to a discharge. But, the sentence being for twenty days hard labor for the fine, and an additional term for the costs, the *mittimus* is unauthorized by any provision of the law, and is a nullity.

Prohibition denied.

[On application for rehearing].

McCLELLAN, J.—The Penal Code prepared by Stone and Shepherd was adopted by an act of February 23, 1866. Acts 1865–6, pp. 121–124.

Section 213 of that Code was carried without amendment, in any particular, into all subsequent Codes, and is found at section 3760 Revised Code of 1867; at 4455, Code of 1876; and at section 4503, Code of 1886.

Section 511 of the Penal Code of 1866 read as follows: "If, on conviction before the County, Circuit or City Court, judgment is rendered against the accused, that he perform hard labor for the county, and if the costs are not presently paid, then the court may impose additional hard labor for the county, for a term sufficient to cover the costs to the county, for State witnesses and judges' fees, allowing not exceeding forty cents *per diem* for the additional hard labor imposed."

This section was amended by the act of February 10, 1867, by striking out the words, "the costs to the county for State witnesses and judges' fees," and inserting in lieu thereof the words "all costs and officers' fees."—Acts 1866-7, pp. 513-514.

As thus amended, this law became section 4061 of the Revised Code of 1867, and section 4731 of the Code of 1876.

This section was amended by the act of February 26, 1881, so as to read as follows: "If, on conviction before the Circuit, City or County Court, judgment is rendered against the accused, that he perform hard labor for the county, and

if the costs are not presently paid, or judgment confessed therefor, as provided for in section 4454 of the Code, then the court may impose additional hard labor for the county, for such period, not to exceed eight months in cases of misdemeanors, and fifteen months in cases of felony, as may be sufficient to pay the costs, at a rate not less than thirty cents *per diem* for each day. Any person sentenced to hard labor to pay costs, must be discharged from such sentence on the payment of such costs, or any balance thereof, by the hire of such convict or otherwise; and the certificate of the judge or clerk of the court in which such conviction was had, that the costs, or the residue thereof, after deducting the amount realized from the hire of the convict, have been paid, or that the hire or labor of the convict, as the case may be, amounts to a sum sufficient to pay the costs, shall be sufficient evidence to authorize such discharge."—Acts 1880–81, pp. 37–38.

As thus amended, with the additional change in phraseology effected by the substitution of the words, *"as provided by law,"* for the words "as provided for in section 4454 of the Code," this law became section 4504 of the Code of 1886.

The law thus referred to as section 4454, Code of 1876, was section 3759 of the Revised Code of 1867, and section 212 of the Penal Code of 1866; and has been, at least since the year last named, and is now, as embodied, without modification, in the Code of 1886 at section 4502, the law, and the only law, which provides for the confession of judgment by convicts. By its terms, which are, "When a fine is assessed, the court may allow the defendant to confess judgment, with good and sufficient sureties, for the fine and costs," and from the nature of things, since only a money judgment could be confessed and secured, it applies only to cases in which fines are assessed, and, it would seem, necessarily to all cases in which a fine is assessed, whether that be the sole punishment or not.

An analysis of the amendment of February 26, 1881, and of the codification of the statute as amended, will demonstrate that, so far as the cases in which hard labor for costs may be imposed are concerned, section 4504 of the Code of 1886 is in identically the same language as section 511 of the Penal Code of 1866, except that the words, "or judgment confessed therefor as provided by law," are inserted in the section as embodied in the present Code. To my

mind, this shows not only a legislative construction, evidenced both by the act of 1881 and the adoption of the Code of 1886, that section 4504, as to hard labor for costs, applied to cases provided for, as to the imposition of hard labor for the fine, by section 4503, but also an affirmative expression of the legislative will that such should thereafter be the effect of section 4504, whether it had been so theretofore or not.

But, aside from this consideration, enough has been said to show that there has been no change in the statute now constituting section 4504 of the Code, which tends, in any degree, to the exclusion from its operation of any case originally embraced in its terms. In 1876, in a case in which upon conviction the only penalty provided by law, and the only penalty in fact imposed, was the assessment of a fine, this court held that it was competent for the court below, the fine and costs not being presently paid, to sentence the defendant to hard labor for the payment of the fine under section 3760 of the Revised Code (§ 4455, Code of 1876; and § 4503, Code of 1886), and to hard labor for the payment of costs under section 4061 of the Revised Code (§ 4731, Code of 1876; and § 4504, Code of 1886).—*Williams v. State*, 55 Ala. 166.

These statutes have each been re-enacted several times since this judicial construction was engrafted upon them, and it must now be considered to have been adopted by the legislature as a part of the laws themselves.—*O'Byrnes v. State*, 51 Ala. 25; *Ex parte Matthews*, 52 Ala. 51; *E. T., V. & G. R. R. Co. v. Bayliss*, 74 Ala. 150.

This construction receives support from section 4501 of the present Code, which has come down, with the other sections under consideration, from the Penal Code of 1866. It is there provided that a prosecutor, who has been taxed with costs, may be sentenced to hard labor if he fail to pay it. It would be anomalous to authorize this to be done, and at the same time to withhold a like power with respect to a convicted defendant.

Upon these several considerations, we feel constrained, in response to the application for a rehearing, to recede from the position heretofore taken, as to the power of courts to impose hard labor for costs on conviction for offenses punishable, or punished, by fine only; and to so modify our former opinion as to hold, that in all cases in which the defendant is sentenced to hard labor as a punishment for the

[Ex parte State. in re Long.]

offense of which he has been convicted, either in default of the payment of, or confession of judgment for the fine assessed, or in execution of the original judgment, the court may impose additional hard labor, as provided by section 4504 of the Code, for the payment of costs.

SOMERVILLE, J.—I concur in the foregoing opinion of Judge McClellan, as a proper construction of sections 4502 to 4504 of the present Code. The case of *Williams v. State*, 55 Ala. 166, decided in 1876, is conclusive of the main question raised, the statutes then in force being substantially the same as those embodied in these sections. It is immaterial that the reasons there given for the correctness of the decision are subject to criticism, if the decision itself be correct. Since that deliverance was promulgated, it has been followed by many others in which the principle settled was tacitly assumed by this court as free from all doubt. The original statutes have been one or more times re-adopted by the General Assembly since that decision was made, without material change of phraseology; and this presumptively carries with it the judicial construction previously given. The uniform practice of the *nisi prius* courts all over the State, for the past twenty years, moreover, has been to sentence convicts to additional hard labor to satisfy costs, as well where a fine only has been imposed, followed by a sentence to hard labor to enforce its payment, as where the accused has been sentenced by the court, in the first instance, to perform hard labor for the county. The overruling of *Williams'* case would greatly disturb the administration of justice in criminal trials; and I should be disposed to adhere to it, even if I doubted its correctness, which I do not.

CLOPTON, J., dissenting.—My convictions constrain me to dissent from the conclusion to recede from the construction of the statutes announced in the opinion delivered in the first instance. The reasons for the construction then given are fully stated therein, and I do not propose to repeat or elaborate them. In *Williams v. State*, 55 Ala. 166, the rule, that the different sections of a Code, relating to the same subject, should be construed in reference to each other, and as the several sections of a single statute, was held inapplicable, on the ground stated in the opinion then rendered as follows: "It is well known that many acts were passed after the adoption of the original Code of 1852, that were

supplementary to, as well as many that were amendatory of its provisions. Of the former sort was the act of the 16th of February, 1867, which is incorporated as section 4061 in the Revised Code." On this ground section 4061, which corresponds to section 4504 of the Code, 1886, was construed to be supplementary to section 3760 of the Revised Code, which corresponds to section 4503 of the Code of 1886. Now, the fact is, the originals of sections 4503 and 4504 were first and contemporaneously introduced into the Penal Code of 1866, and the act of February 16, 1867, was not an original act, but merely amendatory in respect to the *particular costs* for which additional hard labor might be imposed. The mistake in the legislative history of the sections, on which the construction in *Williams v. State* was based, greatly impairs, if it does not destroy its weight as authority.

As to the presumption that the legislature had adopted that judicial construction of the sections, arising from their re-enactment, it may be said, that, except the amending act of February 26, 1881, there has been but one re-enactment since that decision was made—the adoption of the Code of 1886. In the previous Codes, the sections were arranged in different chapters, under different titles, and in relation to different subjects; whereas, in the Code of 1886, they are collocated in the same chapter, under the same title, and in reference to the same subject. This collocation brings them within the operation of the rule, that they should be construed as several sections of a single act.—Endlich on Interp. Stat. § 40. The mode and manner of the re-enactment overcomes the presumption, which ought not to be rigidly indulged as to penal statutes.

I am unable to appreciate the force of the argument based on the amending act of February 26, 1881. The purpose of that amendment was to give the accused the right to confess judgment for the costs, and escape the additional hard labor. This is sought to be accomplished by mere reference to section 4454 of Code of 1876, not as giving the right to confess judgment, but as requiring good and sufficient sureties. The amendment does not provide that judgment may be confessed for *fines*, but only for *costs*, in cases where judgment is rendered that the accused perform hard labor for the county. A confession of judgment when a fine is assessed as the punishment, was already provided for, and the amendatory act was not intended to have any reference to such cases, but to a distinct class of cases.

[Goley v. The State.]

If the legislature originally intended, when a fine only is the assessed punishment, that hard labor could be imposed for the costs under section 4504, why was it, that the term of days, for which the accused could be sentenced to hard labor, in the event he failed to pay or confess judgment for both the *fine* and *costs*, was specified in section 4503? This excludes any inference of an intention, that the accused could be sentenced to hard labor, for either fine or costs, for a longer time than the *specified* number of days, as a part of the alternative punishment provided by section 4503. The construction placed upon the statutes by a majority of the court leads to this result. The accused is convicted, and a fine only is assessed. He pays the fine, but fails to pay or confess judgment for the costs. It is admitted that additional hard labor for the costs can not be imposed, unless judgment be rendered that he perform hard labor for the county. Now, though the fine has been paid, the court may sentence him to hard labor for the term specified in section 4503, as preliminary and in order to impose additional hard labor for the costs under section 4504—two distinct sentences to hard labor, one under each section, because of the failure to pay or confess judgment for the *costs*. A construction, that could lead to such result, should not be placed on the statutes.

I can not perceive how the future administration of justice in criminal trials can be possibly disturbed by overruling *Williams v. State*. And if it has been the practice of the *nisi prius* courts to impose punishment unauthorized by law, such practice can not be stopped too soon.