### RUSSELL v. CITY OF BESSEMER.
### (6 Div. 240.)

(Court of Appeals of Alabama. June 12, 1923.)

**1. Intoxicating liquors ⊱19—Ordinances held in harmony with state prohibition law.**

. City ordinances making it a misdemeanor to possess or operate a still on one's premises, and making existence of the still there prima facie evidence of guilt of the landowner or tenant, *held* in harmony with the state prohibition law of 1919 and the city charter, and hence valid.

**2. Habeas corpus ⊱30(2)—Conviction under city ordinance held irregular, and not illegal, so as to warrant discharge.**

Where defendant was tried and convicted for a misdemeanor under a city ordinance, and was fined $100 and sentenced to 180 days at hard labor, the fact that the complaint alleged commission of felonies under the state law as well as misdemeanors was not ground for discharge of defendant under a writ of habeas corpus, since the defect constituted a mere irregularity, and did not present a case of illegality of conviction, violative of Code 1907, § 1223.

**3. Habeas corpus ⊱78—Chief of police may make return to writ, and such return need not be verified.**

Under Code 1907, § 7023, requiring the person making a return to a writ of habeas corpus to verify such return by oath, unless he is a sworn public officer and makes the return in his official capacity, a return to a writ sued out to obtain discharge after conviction for violation of a city ordinance need not be made by the mayor, but may be made by the chief of police, and need not be verified.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Will Russell having been convicted of a violation of an ordinance of the City of Bessemer petitioned the judge of the circuit court for a writ of habeas corpus. From a judgment denying the writ petitioner appeals. Affirmed.

Benton & Bentley, of Bessemer, for appellant.

It is a felony for one to have in his possession a still, and the only authority of the recorder was to bind the defendant over. Acts 1919. p. 1086; Code 1907, §§ 1223, 7033; Thomas v. State, 114 Ala. 31, 21 South. 784. The proceedings in the recorder's court being irregular on the face thereof. habeas corpus is proper to have the same reviewed. Ex parte Bizzell, 112 Ala. 210, 21 South. 371; Code 1907, § 7023.

Bumgardner & Wilson, of Bessemer, for appellee.

The charge of possessing a still, etc., is a misdemeanor. Acts 1919. p. 11. The return, being made by the chief of police, did not have to be sworn to. Code 1907, § 7023.

FOSTER, J. The petitioner was tried and convicted of violation of section 7, Ordinance No. 385, of the city of Bessemer, commonly known as the "Prohibition Ordinance," and which reads as follows:

"That it shall be unlawful for any person, firm or corporation, to permit or allow any one to have, possess, operate, or locate on his premises any apparatus, plant or structure for the distilling or manufacturing of prohibited liquors and beverages or any of them within the city of Bessemer or within the police jurisdiction thereof, and when such apparatus, plant or structure is found upon such premises the fact shall be prima facie evidence that the tenant or owner in actual possession of the premises has knowledge of the existence of the same, and the purpose for which the same were to be used, and upon conviction of permitting or allowing the same to be upon his premises such tenant or owner shall be punished on the first or subsequent offense as prescribed in the general penal section 13 of this ordinance. The burden of proof being upon the tenant or owner in possession to show its want of knowledge of such apparatus on his premises."

[1] Said section 7 is a substantial copy of section 9 of an act "to further suppress the evils of intemperance," etc., approved January 25, 1919. Acts 1919, p. 6. Section 20 of said act makes a violation of section 9 a misdemeanor and fixes the fine and punishment. The by-laws of municipal corporations must be in harmony with the general laws of the state and with the charters of the respective corporations. City of Bessemer v. Eidge, 162 Ala. 207, 50 South. 270. Ordinance No. 385 of the city of Bessemer is in harmony with the Prohibition Act of 1919 and with the charter of the city.

[2] The affidavit upon which petitioner was tried in the recorder's court charged that he—

"did permit or allow or have in his possession, or did operate or permit to be operated, on his premises or premises under his control, an apparatus, plant or structure for the distilling or manufacturing of prohibitive liquors or beverages in violation of Ordinance No. 385 of the city of Bessemer, Alabama."

The complaint charges in the alternative in the same count misdemeanors, and felonies, and concludes with the words "in violation of Ordinance No. 385," etc. The ordinance covers misdemeanors only, and does not undertake to punish for a felony. The complaint is inaptly drawn, and objection should have been taken before the recorder by demurrer, where it could have been amended by eliminating the felony charges. The record does not show that objection was made on the trial.

The recorder proceeded to try the defendant for a violation of City Ordinance No. 385, adjudged him guilty and assessed a fine of $100 and imposed hard labor for 180 days as additional punishment. It cannot be doubted that the recorder found the defendant (petitioner) guilty of an offense which was a misdemeanor, and not a felony under the state law. On application for a dis-charge under habeas corpus inaccuracies or imperfections in proceedings before a recorder will not avoid a judgment rendered when the judgment is regular on its face, and he had jurisdiction both of the offense and the defendant's person. Whatever of irregularity may intervene there is not a want or excess of jurisdiction and on habeas corpus the prisoner cannot be discharged. "Illegality, not irregularity, must infect the proceeding to authorize a discharge on habeas corpus." Ex parte Brown, 63 Ala. 187; Ex parte McKivett, 55 Ala. 236; Ex parte State, in re Long, 87 Ala. 46, 6 South. 328; Ex parte Davis, 95 Ala. 9, 11 South. 308.

Counsel for petitioner urge that under the evidence the defendant was guilty of a felony if guilty of any crime, and that it was the recorder's duty as a committing magistrate to bind defendant over to appear before a court having jurisdiction to try felonies. Section 1223, Code 1907. We have read the evidence carefully and conclude that there was evidence to justify the finding of the recorder that the defendant was guilty of a misdemeanor.

[3] It is insisted by counsel for petitioner that the return should have been signed by the mayor and verified by affidavit. The chief of police of the city of Bessemer was a sworn public officer, and made the return in his official capacity, and was not required to verify the same by oath. Section 7023, Code 1907.

There is no merit in the exceptions reserved to the evidence before the trial judge. All of the facts necessary to a determination of the case were fully presented. It results from what has been said that the circuit judge did not err in denying petitioner the writ of habeas corpus, and in remanding him to the custody of the chief of police of Bessemer. The judgment of the lower court is affirmed.

Affirmed.