155 So. 390

## ZAVELO v. CITY OF ANNISTON.

### 7 Div. 39.

Court of Appeals of Alabama.

June 12, 1934.

Merrill, Jones & Whiteside, of Anniston, for appellant.

James F. Matthews, of Anniston, for appellee.

SAMFORD, Judge.

The defendant was charged by affidavit with having received and concealed stolen property. He was tried and convicted of this offense in the recorder's court, under an ordinance of the city of Anniston and appealed to the circuit court, where the city attorney filed a complaint based upon the affidavit and charging a violation of a city ordinance whereby it was ordained: "That any person committing an offense constituting a misdemeanor under the laws of Alabama, within the City of Anniston or its police jurisdiction, shall upon conviction be punished by a fine of not exceeding one hundred dollars and by imprisonment or hard labor not exceeding six months, one or both, and in the manner and within the limits prescribed by section 1936 of the Code of Alabama of 1923."

Waiving a consideration of all other questions it appears from the evidence without conflict that, if the defendant was guilty of any such offense, it was a felony of which the recorder only had jurisdiction as a committing magistrate. The recorder had no power or authority to reduce the crime to a misdemeanor so as to give his court jurisdiction. This same question was raised in Russell v. City of Bessemer, 19 Ala. App. 270, 97 So. 149. This court held that there was evidence in that case justifying the recorder in holding that the offense charged was a misdemeanor. No such case exists here. If defendant is guilty, the crime is the same as grand larceny, and Code 1923, § 1947, provides: "In all cases where persons are brought before the recorder, if on investigation of the charge there is a reasonable cause to believe that a felony has been committed and that the defendant is guilty thereof, such officer only has authority to bind such defendant over to appear before the circuit court or other court of like jurisdiction of the county, and to proceed in all respects in such cases as justices of the peace are required by law to proceed."

There was but one crime charged, and that was the receiving and concealing of one bas-ket of the value of $1 in which were from seventy-five to one hundred towels of a value of 25 cents to 30 cents each, one pair of shoes of the value of $1, one nurse's suit of the value of $2.50, and one suit of clothes of the value of $6. According to the lowest valuation placed by the evidence, the aggregate was $28. This would make the crime a felony and beyon'd the final jurisdiction of the recorder. The defendant was entitled to the general charge, and for the error in refusing this charge the judgment is reversed, and the cause is remanded.

Reversed and remanded.