20 So.2d 878

**HOWELL v. CITY OF FORT PAYNE.**

7 Div. 796.

Court of Appeals of Alabama.
June 30, 1944.

Rehearing Denied Aug. 22, 1944.

Phillips & Thrift, of Birmingham, for appellant.

Leonard Crawford, of Fort Payne, for appellee.

CARR, Judge.

This cause had its origin in the Recorder's Court of the City of Fort Payne, where appellant was tried and convicted for the violation of a city ordinance. He appealed to the County Court of DeKalb County, where he was again tried upon complaint filed by the city attorney, charging the appellant with the possession of prohibited liquors as denounced by said city ordinance.

Notice of appeal to this court was given November 16, 1943.

 The appellant has failed to comply with Act No. 461, General Acts, Ala., 1943, p. 423, effective September 1, 1943, Code 1940, Tit. 7, §§ 827(1)–827(6). Instead, he files in the record of this appeal a bill of exceptions. We must, therefore, ignore it. Peabody v. State, ante, p. 448, 18 So.2d 691; Harlan v. State, ante, p. 478, 18 So.2d 744.

In view of this holding, we can consider only assignments of error which are pertinent to the record proper independently of the bill of exceptions.

Assignment of Error No. 1 is an insistence that the city ordinance in question is void. No question was raised by demurrer or otherwise in the lower court to this emphasis. There is, therefore, nothing before this court for consideration. Lane v. City of Tuscaloosa, 12 Ala.App. 599, 67 So. 778; Russell v. City of Bessemer, 19 Ala. App. 270, 97 So. 149.

It is urged in Assignment of Error No. 2 that the trial court erred in sustaining the demurrers of the City of Fort Payne to the defendant's plea A. We are in accord with this insistence. Said plea is as follows: "Defendant shows unto this Honorable Court that in the State of Tennessee, he purchased intoxicating beverages in an amount exceeding five gallons, upon which all the taxes then due had been paid; that he placed the same in an automobile and was proceeding towards his home in Jefferson County, Alabama; that while he was passing through the City of Fort Payne, Alabama, he was arrested by City officers of Fort Payne; that if he is guilty of any crime at all, he is guilty of a felony under the laws of the State of Alabama, and that the City Court of Fort Payne, Alabama is without jurisdiction of felonies."

Appropriate demurrers were addressed to this plea.

The question is here raised of the jurisdiction of the Recorder's Court. As against apt demurrers, the allegations of the plea must be regarded and taken as true. By statute, it is made a felony to transport in quantities of five gallons or more any liquors or beverages, the sale, possession or transportation of which is prohibited by law in this State. Title 29, § 187, Ala.Code 1940.

If the allegations of plea (A) are true, the recorder did not possess final jurisdictional power. His authority in such cases is determined and is limited to the jurisdiction to bind the defendant over to appear before the Circuit Court or other court for investigation by the grand jury. Title 37, § 596, Code Ala.1940; Zavelo v. City of Anniston, 26 Ala.App. 194, 155 So. 390; Ex parte Williams, 18 Ala.App. 297, 91 So. 914; Russell v. City of Bessemer, supra.

Assignment of Error No. 3 is addressed to the action of the trial court in sustaining demurrers to appellant's plea C. This plea attempts to raise the same defense as plea A. Sufficient facts are not therein stated, and it is only by the conclusion of the pleader that the effort is made.

Other questions are not before this court for the reasons above stated.

For error indicated the judgment is reversed and the cause remanded.

Reversed and remanded.