125 So.2d 279

**CITY OF BIRMINGHAM**

v.

**Walter E. PERRY, Jr.**

6 Div. 777.

Court of Appeals of Alabama.

Dec. 13, 1960.

J. M. Breckenridge, Birmingham, for appellant.

Frank Bainbridge and Josh Mullins, Jr., Birmingham, for appellee.

PRICE, Judge.

This is an appeal by the City of Birmingham from a judgment of the circuit court of Jefferson County discharging the petitioner upon a writ of habeas corpus sued out by him.

The case was submitted on appellee's motion to dismiss the appeal and on the merits.

The motion to dismiss the appeal contains in substance two main grounds: (1) The transcript is not certified in accordance with Title 15, Sec. 369(d), Code of Alabama 1940, as amended, and (2) The City of Birmingham does not have the authority to appeal.

Appellee's contention that the appeal should be dismissed because the tran-

script is not properly certified is based upon the fact that the transcript contains only the word "Approved" and the signature of the circuit judge following the certificate of the court reporter. The same situation was before this court in Howard v. City of Bessemer, 40 Ala.App. 317, 114 So.2d 158, where we held that the endorsing of the transcript as "approved" by the judge was sufficient compliance with Sec. 369, supra.

Appellee next submits that the appeal should be dismissed because the City of Birmingham does not have the authority or is not the proper party to appeal.

Appeals in habeas corpus cases are governed by Title 15, Sec. 369, Code of Alabama, 1940, as amended, the pertinent part of which is:

"(a) Any party aggrieved by the judgment on the trial of a habeas corpus may appeal to the supreme court or court of appeals."

In brief the City of Birmingham contends that it is a party aggrieved and may appeal upon the authority of City of Bessemer v. Eidge, 162 Ala. 201, 50 So. 270, and Town of Elba v. Rhodes, 142 Ala. 689, 38 So. 807. We think there is merit in this contention. The motion to dismiss the appeal is denied.

The return made to the writ shows that petitioner was then being held "by virtue of two contempt of court judgments and sentences of the Recorders Court of the City of Birmingham, Alabama, rendered on May 11, 1960, certified copies of which are attached hereto and made a part hereof and by virtue of a 'jail slip' (commitment order of said court), which slip is produced and shown to this Honorable Court," etc. The purported judgments, certified to be correct copies, are set out in the return. Since the wording of the judgments is identical we copy only one of said judgments herein:

| No. | City of Birmingham v. | Color | Charge | Arresting Officers |
|---|---|---|---|---|
| # 27273 | Walter E. Perry, Jr. | White Male | Contempt | O. Stillwagon Tom Morris |
| | | Age | | |

Case Set 5–11–60

Passed To _____

Committed to Jail 5–11–60

Parole Payments No. ____

Appealed _____

Judgment Entry

5–11–60 Comes the defendant, in his own proper person, and pleads ____ guilty. On hearing the evidence, the court is satisfied of the guilt of the defendant, as charged in count one, two, three, and ____ he is hereby fined $ ____ and $ ____ costs. On default in payment of said fine and costs—he is sentenced to serve at hard labor for The City of Birmingham.

And as additional punishment the defendant is also sentenced to serve 24 Hrs. at hard labor for the City of Birmingham.

Charles H. Brown<br>Recorder of The City of Birmingham.

I, R. T. Avery, Clerk of the Recorder's Court of The City of Birmingham, do certify that the above is a true and correct copy of the judgment as it appears on the Judge's Docket of The Recorder's Court in The City of Birmingham.

R. T. Avery<br>Clerk of the Recorder's Court in the City of Birmingham."

A recorder may punish by fine not exceeding ten dollars and imprisonment not exceeding twenty-four hours any person in contempt of court. Section 597, Title 37, Code 1940.

It is obvious petitioner was adjudged guilty of a criminal contempt, committed in the court's presence. Ex parte Hill, 229 Ala. 501, 158 So. 531; Ex parte Seymore, 264 Ala. 689, 89 So.2d 83. Therefore, the punishment imposed must not exceed the limits fixed by law. Ex parte Hill, supra.

In Ex parte John Hardy, 68 Ala. 303, 315, it was said:

"It cannot be denied, that every court is the exclusive judge of a contempt committed in its presence or against its process, and that the exercise of such power by a court of competent jurisdiction can not be revised on error, nor assailed collaterally by resort to a writ of habeas corpus. But where there is either a want, or excess of jurisdiction in the committing court, a writ of habeas corpus is then the appropriate remedy for the release of the prisoner."

It is apparent on the face of the proceedings that the recorder's court exceeded its power and jurisdiction in assessing punishment at hard labor instead of imprisonment as provided by statute. Petitioner was being detained under a void sentence and was entitled to his discharge on habeas corpus. Ex parte McKivett, 55 Ala. 236; Ex parte State (In re Long), 87 Ala. 46, 6 So. 328; 76 A.L.R. 501n; Ex parte Pearce, 111 Ala. 99, 20 So. 343; Ex parte Wheeler, 231 Ala. 356, 165 So. 74.

The judgment of the circuit court is affirmed.

Affirmed.