549 So.2d 112 (1988)
Jonas BLAIR
v.
STATE.
7 Div. 901.
Court of Criminal Appeals of Alabama.
June 28, 1988.
Rehearing Denied August 23, 1988.
Certiorari Denied November 10, 1988.
On Return to Remand August 25, 1989.
*113 Thomas M. Semmes, Anniston, for appellant.
Don Siegelman, Atty. Gen., and Beth Slate Poe, Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
Jonas Blair was convicted of the sale of cocaine. Having several prior felony convictions, he was sentenced to life imprisonment under the provisions of the Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975. Several issues are presented on appeal.

I
The appellant first contends that since the testimony of the undercover officer who bought $25 worth of cocaine from him was contradicted, that the evidence should not sustain a verdict. That is not the law. The undercover officer stated that she closely observed Jonas Blair when the purchase was made because she thought she might have to identify him in court. The contradiction came from a confidential informant who was not paid the amount he was promised by the Anniston Police Department. The informant testified in such a way as to keep the police department from securing convictions in his cases as best he could. There was clearcut testimony from which the jury might conclude that the appellent was indeed guilty, and they did so conclude. As we said in Scroggins v. State, 341 So.2d 967 (Ala.Cr.App.1976), cert. denied, 341 So.2d 972 (Ala.1977):
"`Where there is legal evidence from which the jury can by fair inference find the defendant guilty, this court has no right to disturb the verdict. Whether there is such evidence is a question of law, its weight and probative value are for the jury.'" Quoting Haggler v. State, 49 Ala.App. 259, 270 So.2d 690.

*114 II
Appellant also contends that the court received immaterial evidence when Sgt. Hembry testified that Anthony Woods told him that the envelope containing the cocaine was purchased from Jonas Blair at Jonas Blair's house. Where the issue in the case is whether the appellant sold cocaine to undercover officer Thompson, it is material that other persons purchased envelopes containing cocaine from the appellant. Materiality is "that quality of evidence which tends to influence the factfinder because of its logical connection or pertinency to the disputed issues." Dawkins v. State, 455 So.2d 220, 221 (Ala.Cr.App. 1984).

III
Appellant next contends that the court erred in receiving testimony concerning a conversation between the confidential informant, Anthony Woods, and Sgt. Hembry. There was a question asked concerning a conversation between Woods and Hembry. In response to the state's question, "What did he say?" Sgt. Hembry answered: "He [Woods] filled this individual in on the accounts of buying cocaine from [appellant] and other persons." Only after the answer came in did defense counsel object. As we have many times stated, an untimely objection does not serve as a basis for a reversal.

IV
We finally address a question relating only to the sentencing in this case. Appellant, after being convicted of the sale of cocaine, was sentenced under the Alabama Habitual Felony Offender Act. Our Supreme Court has ruled in Ex parte Chambers, 522 So.2d 313 (Ala.1987), that the Habitual Felony Offender Act does not apply to drug cases. In Chambers, Mr. Justice Beatty stated that only the Alabama Uniform Controlled Substances Act, § 20-2-1 et seq., contains recidivist or enhancement of punishment provisions which can be applied in drug cases. Appellant's counsel, at sentencing, did not object to the appellant's being sentenced under the Habitual Felony Offender Act. He did make an objection as to the remoteness of some of the prior convictions and to some of the information contained in the presentence report. Our Supreme Court, in the recent case of Ex parte Biddie, 516 So.2d 846 (Ala.1987), has reaffirmed the principle that where no objection is made to an alleged error, the issue is not preserved for appellate review. Here, we see that this issue was not preserved and that this case is controlled by the Biddie case. However, we consider the sentencing error a jurisdictional one which is not subject to waiver. City of Birmingham v. Perry, 41 Ala.App. 173, 125 So.2d 279 (1960). This interpretation enables us to remand this cause for resentencing instead of inviting a Rule 20 petition, Ala.Temp.R.Crim.P. We affirm Blair's conviction but remand this case for resentencing.
REMANDED FOR RESENTENCING.
All the Judges concur.

ON RETURN TO REMAND
TAYLOR, Presiding Judge.
Upon remand, the Circuit Court for Calhoun County resentenced Blair pursuant to our instructions. This case is now due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.