Appellant, Joseph G. Ferguson, appeals the summary denial of his petition for postconviction relief filed pursuant to A.R.Crim.P.Temp. 20. In his petition, he alleges that he is entitled to relief from his August 10, 1987, conviction of manslaughter and resulting sentence of fifteen years' imprisonment. He contends, inter alia, that his conviction was obtained by an involuntary plea of guilty, which he says was made without an understanding of the nature of the charge and its consequences; that he was denied effective assistance of counsel; and that the sentence imposed exceeded the maximum authorized by law.
The state contends that appellant is precluded under Rule 20.2 from raising these issues, regardless of the sentence, since they could have been raised at trial or on direct appeal but were not.
We find, with one exception, that the issues raised by appellant in this appeal are either precluded from review by Rule 20.2 or are without merit. The issue pertaining to the legality of the sentence is not precluded and is properly before us for review.
Appellant argues that the offense of manslaughter, for which he pleaded guilty, was a Class C felony and that the *Page 1173 
maximum sentence authorized was ten years. Manslaughter was a Class C felony until August 12, 1987, when the statute was amended by the legislature and made a Class B felony. 1987 Ala. Acts, No. 87-713 (August 12, 1987). The act was made to apply to conduct occurring after the effective date, which was August 12, 1987, and it provided that conduct occurring before the effective date would be governed by pre-existing law. It appears from the allegations in appellant's petition that the conduct made the basis of the charge and conviction occurred prior to the amendment of the statute and at a time when the crime was designated a Class C felony. The sentence for a Class B felony was not more than 20 years nor less than 2 years, while for a Class C felony it was not more than 10 years nor less than one year and one day. Assuming appellant's allegations are true, his sentence exceeded that authorized by law by five years.
Rule 20.1(b) provides for postconviction relief where the court was without jurisdiction to render judgment or to impose sentence. A claim of a lack of jurisdiction to render judgment or to impose sentence is not precluded as a basis for relief by Rule 20.2 even though the question of jurisdiction could have been but was not raised at trial or on appeal. See Ex parteBrannon, 547 So.2d 68 (Ala. 1989).
The sentence imposed following conviction of a crime must conform to the statute and cannot exceed the term prescribed by law. Howard v. State, 390 So.2d 32 (Ala.Cr.App. 1980); Opinionof the Clerk No. 4, 347 So.2d 524 (Ala. 1977). When the court imposes sentence in excess of that authorized by statute, it exceeds its jurisdiction, and the sentence is consequently void. Ex parte McKivett, 55 Ala. 236 (1876); City of Birminghamv. Perry, 41 Ala. App. 173, 125 So.2d 279 (1960); 21 Am.Jur.2dCriminal Law § 537 (1981). See also Ex parte Brannon,547 So.2d 68 (Ala. 1989).
In the instant case, if appellant's allegations are true, the sentence exceeded the authority and jurisdiction of the court and is void. We do not view this sentence as voidable because of a mere irregularity in the exercise of jurisdiction, nor do we view this sentence as one which is void in part. We view it as void in its entirety. See Ex parte Hutchinson, 264 Ala. 447,87 So.2d 847 (1956); 49 C.J.S. Judgments § 450 (1947); 21 Am.Jur.2d Criminal Law § 538 (1981). Under the circumstances alleged, appellant is entitled to seek relief by way of Rule 20.
For the above reasons, we find that the trial court erred in summarily dismissing the petition. Appellant's petition is facially meritorious, and he is entitled to an opportunity to prove his allegations pertaining to his sentence. Therefore, the trial court's judgment dismissing the petition is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.