Paul Douglas Jackson was charged, in four separate indictments, with two counts of burglary in the third degree and two counts of theft in the first degree. Subsequently, the two indictments charging theft in the first degree were amended to charge theft in the second degree, and Jackson entered a guilty plea in regard to the two burglary charges and to the two theft charges contained in the four indictments. The trial court accepted Jackson's guilty pleas and sentenced him to four eight-year terms in the state penitentiary, with each term running consecutively. Jackson appealed his sentences to the Court of Criminal Appeals, which affirmed by an unpublished memorandum opinion. 579 So.2d 711. This Court granted Jackson's petition for the writ of certiorari.
The issue Jackson raises is whether the trial court erred in sentencing him to four separate terms. Jackson argues that one burglary charge and one theft charge stemmed from one course of action and that the other burglary charge and theft charge stemmed from another single course of action. Jackson asserts that, because he formed the intent to take property from the two residences prior to breaking into the residences, the four consecutive sentences arising from only two courses of action violate the double jeopardy provision contained in § 15-3-8, Ala. Code 1975. However, before addressing whether the double jeopardy provision applies under the facts of this case, we first address the State's argument that Jackson failed to preserve the issue for appellate review.
The State, citing Phillips v. State, 518 So.2d 833
(Ala.Crim.App. 1987), and Montgomery v. State, 446 So.2d 697
(Ala.Crim.App. 1983), cert. denied, 469 U.S. 916, 105 S.Ct. 291,83 L.Ed.2d 227 (1984), asserts that the trial court cannot, on appeal, be placed in error based upon grounds not specified during the sentencing hearing. Jackson, on the other hand, argues that the alleged error is jurisdictional and is, therefore, not subject to waiver. In stating his argument, Jackson relies primarily on Ex *Page 902 parte Harmon, 543 So.2d 716 (Ala. 1988), and Blair v. State,549 So.2d 112 (Ala.Crim.App. 1988), cert. denied,549 So.2d 114 (Ala. 1988). However, after reviewing the authority cited by Jackson, we hold that the issue he raises was not properly preserved for appellate review.
In Harmon, this Court reversed the Court of Criminal Appeals' holding that the issue of sentencing errors in imposing separate consecutive sentences on a joint indictment, when both charges stemmed from the same act, was not properly before that court because that issue had not been presented to the trial court in Harmon's petition for writ of error coram nobis or raised at a hearing on the petition. This Court reached its conclusion after finding that it was clear from the record and from the trial court's order that the trial court was aware of Harmon's contention that he could enter a guilty plea either to burglary in the third degree or to theft of property in the second degree, but not to both charges. The Court concluded that the trial court, in denying Harmon's petition for writ of error coram nobis, did, indeed, rule on the issue that Harmon was attempting to raise on appeal. In support of that conclusion, the Harmon court cited Ex parte O'Leary,417 So.2d 232 (Ala. 1982), cert. denied, 463 U.S. 1206, 103 S.Ct. 3536,77 L.Ed.2d 1387 (1983), which Harmon noted in a parenthetical as holding that "the issue must be preserved at the lower court level before it can be reviewed on appeal." 543 So.2d at 717.
We find the Harmon holding to be distinguishable from the holding in the present case. This Court, in Harmon, did not hold that the sentencing error of which the petitioner was seeking appellate review did not need to be preserved in the trial court. Rather, the Court concluded that the evidence in the record indicated that the trial court was sufficiently aware of Harmon's argument when it ruled on his error coram nobis petition. Here, there was never any objection in the trial court by Jackson to his being sentenced on the charges contained in all four indictments. The issue was first raised by Jackson in his appeal. Therefore, we hold that the rule ofHarmon is inapplicable in the present case.
The other case relied upon by Jackson is Blair v. State,549 So.2d 112 (Ala.Crim.App. 1988), cert. denied, 549 So.2d 114
(Ala. 1988). Although Jackson correctly relies on Blair, we find that the Blair court incorrectly stated the law. InBlair, the appellant raised the issue of whether his sentence was improperly enhanced by the application of the Alabama Habitual Felony Offender Act. Blair's counsel, at Blair's sentencing hearing, objected only to the remoteness of some of the prior convictions and to some of the information contained in the presentence report. The Blair court correctly noted the principle that where no objection is made to an alleged error the issue is not preserved for appellate review. The court further noted that the issue in that case was not preserved. However, the Blair court then stated that the sentencing error was jurisdictional in nature and was, therefore, not subject to waiver. We find this latter proposition to be an erroneous statement of the law. See Biddie v. State, 516 So.2d 846 (Ala. 1987).
In stating the proposition (in Blair) that sentencing errors are not subject to waiver, the Court of Criminal Appeals relied on City of Birmingham v. Perry, 41 Ala. App. 173, 125 So.2d 279
(1960). However, a reading of Perry reveals that the Court of Criminal Appeals' reliance on that case was misplaced in Blair.
The Perry case involved an appeal by the City of Birmingham from a judgment of the Jefferson Circuit Court discharging a petitioner upon a writ of habeas corpus. The petitioner had been convicted of two counts of contempt in the Recorder's Court of the City of Birmingham and had been sentenced to a term of 24 hours at hard labor for the city. However, Alabama law at the time of the sentencing provided that a recorder could punish a person in contempt of the recorder's court only by a fine not exceeding $10 and by imprisonment not exceeding 24 hours. The Court of Appeals, in affirming the Jefferson Circuit Court's discharge of the petitioner, stated: *Page 903 
 "It is apparent on the face of the proceedings that the recorder's court exceeded its power and jurisdiction in assessing punishment at hard labor instead of imprisonment as provided by statute. Petitioner was being detained under a void sentence and was entitled to his discharge on habeas corpus."
41 Ala. App. at 175, 125 So.2d at 282. (Citations omitted.)
The Court of Appeals in Perry was not confronted with the issue whether sentencing errors are subject to waiver by the failure to preserve those errors in the trial court. The Perry
court did not rule on that issue, nor did it address the issue by way of dictum. Furthermore, our research has revealed thatBlair is the only case to cite Perry in support of a conclusion that sentencing errors are not subject to waiver. In fact, the only case, other than Blair, in which Perry has ever been cited was Ferguson v. State, 565 So.2d 1172 (Ala.Crim.App. 1990), where the Court of Criminal Appeals held that when a court imposes a sentence in excess of that authorized by statute, it exceeds its jurisdiction, and the sentence is, consequently, void. While Ferguson correctly cites Perry, theFerguson case is clearly not pertinent to the issue whether sentencing errors must be presented to the trial court before being raised on appeal.
Our research reveals no authority for the proposition that sentencing errors are jurisdictional and are not subject to waiver. Furthermore, we find no compelling reason to adopt such a proposition in the present case. Therefore, we overruleBlair v. State, supra, to the extent that it holds sentencing errors to be jurisdictional and, therefore, not subject to waiver.
Because the alleged error of which Jackson seeks review was not properly preserved for our review, we do not reach the merits of that alleged error. Biddie v. State, 516 So.2d 846
(Ala. 1987). The judgment of the Court of Criminal Appeals is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.