Gervarse Bowles was indicted for the attempted murders of Derek Burpo and Patrick Warren. See §§ 13A-6-2 and 13A-4-2, Ala. Code 1975. A jury found Bowles guilty of the attempted murder of Burpo and of the lesser included offense of menacing, see § 13A-6-23, Ala. Code 1975, as to Warren. Bowles was sentenced to 21 years' imprisonment for the attempted-murder conviction and to 1 year's imprisonment for the menacing conviction. On appeal, he raises two issues.
 I.
Bowles contends that the trial court erred in granting the State's pretrial motion in limine. In the motion, the State sought to exclude evidence concerning criminal charges that were pending *Page 1079 
against Derek Burpo and concerning the outcome of the trial of Lanorris Woods, Bowles's codefendant.[1] After hearing argument from the State and the defense, the trial court granted the State's motion in limine.
In Bush v. Alabama Farm Bureau Mutual Casualty InsuranceCompany, Inc., 576 So.2d 175 (Ala. 1991), the Alabama Supreme Court stated the general rule regarding motions in limine:
 "We recognize that the trial court has broad discretion in evidentiary matters. The general rule was stated in State v. Askew, 455 So.2d 36 (Ala.Civ.App. 1984), citing C. Gamble, The Motion in Limine: A Pretrial Procedure That Has Come of Age, 33 Ala.L.Rev. 1 (1981), as follows:
 "`In keeping with the vesting of broad discretion in the trial court in this area, it is generally held that the granting
of a motion in limine can never be reversible error. The non-moving party may repeat at trial, preferably out of the hearing of the jury, his request for permission to prove the contested matter. This offer of proof is required in order to isolate the error for appeal. It is this refusal at trial to accept that proffered evidence, not the granting of the pretrial motion in limine, that serves as the basis for reversible error. Of course, this ability to bring up the matter a second time would not be available if counsel had requested and the judge had granted a prohibitive-absolute motion in limine.'
 "455 So.2d at 37 (Ala.Civ.App. 1984). In Perry v. Brakefield, 534 So.2d 602, 607 (Ala. 1988), this Court cited Professor Gamble and stated: `The clear holding of these cases is that unless the trial court's ruling on the motion in limine is absolute or unconditional, the ruling does not preserve the issue for appeal.' 534 So.2d at 606."
576 So.2d at 177-78. See also Evans v. Fruehauf Corp.,647 So.2d 718 (Ala. 1994); Boros v. Baxley, 621 So.2d 240 (Ala.), cert. denied, 510 U.S. 997, 114 S.Ct. 563, 126 L.Ed.2d 463 (1993);Jackson v. State, [Ms. CR-97-2050, May 28, 1999] ___ So.2d ___ (Ala.Crim.App. 1999); and Morton v. State, 651 So.2d 42
(Ala.Crim.App. 1994).
There is no evidence that the trial court's ruling on the motion in limine in this case was absolute or unconditional, and the record reflects that Bowles did not offer the contested evidence at trial and obtain a specific adverse ruling from the trial court. Accordingly, this issue was not preserved for appellate review.
 II.
Bowles also contends that the trial court erred in instructing the jury on complicity. Specifically, he contends that he could not be convicted of the attempted murder of Burpo under a complicity theory because, he says, an accomplice cannot be convicted of a higher degree of an offense than can the principal. Because his codefendant was convicted of assault in the first degree — rather than attempted murder — as to victim Burpo, Bowles maintains that a jury instruction on complicity was unwarranted in his case.
Although Bowles objected to the complicity charge at trial, he objected on grounds different from the grounds he now raises on appeal. At trial, Bowles argued that an instruction on complicity was improper under the facts of his case because, he said, an accused cannot be complicit in a crime that he did not anticipate (Bowles had testified that he did not *Page 1080 
know his codefendant was going to attempt to murder either of the victims). "A defendant is bound by the grounds of objection stated at trial and may not expand those grounds on appeal." Griffin v.State, 591 So.2d 547 (Ala.Crim.App. 1991). "The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." Ex parte Frith, 526 So.2d 880, 882 (Ala. 1987). Because the argument Bowles makes on appeal was never presented to the trial court, this issue was not preserved for review.
 III.
Although we affirm Bowles's convictions for attempted murder and menacing, we must remand this cause to the trial court for resentencing on the menacing conviction, because Bowles's one-year sentence for menacing exceeds the maximum authorized by law. "Matters concerning unauthorized sentences are jurisdictional,"Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App. 1994); therefore, we may take notice of an illegal sentence even though Bowles did not raise the issue in the trial court or in his brief on appeal. See, e.g., Pender v. State, 740 So.2d 482
(Ala.Crim.App. 1999).
Menacing is a Class B misdemeanor. See § 13A-6-23(b), Ala. Code 1975. Section 13A-5-7(a)(2), Ala. Code 1975, provides that Class B misdemeanors are punishable by a term of imprisonment of "not more than six months." Because Bowles was sentenced to one year in prison on the menacing conviction, his sentence exceeds the maximum authorized by law and is, therefore, void. See, e.g.,Ferguson v. State, 565 So.2d 1172, 1173 (Ala.Crim.App. 1990) ("When the court imposes a sentence in excess of that authorized by statute, it exceeds its jurisdiction, and the sentence is consequently void.").
Accordingly, we affirm Bowles's convictions for attempted murder and for menacing, and his sentence for the attempted-murder conviction, but we remand this cause to the trial court with directions for that court to resentence Bowles for his menacing conviction in accordance with § 13A-5-7, Ala. Code 1975. Due return should be filed with this court no later than 35 days from the date of this opinion.
AFFIRMED AS TO CONVICTIONS; REMANDED WITH DIRECTIONS AS TO SENTENCING
McMillan, Cobb, Baschab, and Fry, JJ., concur.
[1] Like Bowles, Woods was indicted for the attempted murders of Derek Burpo and Patrick Warren. Woods was acquitted of the attempted murder of Warren and was convicted of the lesser included offense of assault in the first degree as to Burpo.