COBB, Judge.
Darren Dewayne Price was convicted of escape in the third degree, a violation of § 13A-10-33, Ala.Code 1975, and of resisting arrest, a violation of § 13A-10-41, Ala. Code 1975. In a separate unpublished memorandum, we are today affirming Price’s conviction for escape in the third degree. Price does not challenge his conviction for resisting arrest or the sentence imposed. However, because Price’s one-year sentence for resisting arrest exceeds the maximum authorized by law, we must remand this cause to the trial court for resentencing. “Matters concerning unauthorized sentences are jurisdictional and, therefore, can be reviewed even if they have not been preserved.” Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994). Therefore, we may take notice of an illegal sentence even though Price did not raise the issue in the trial court or in his brief to this Court. See, e.g., Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999). Resisting arrest is a Class B misdemeanor, see § 13A-10^41(b), Ala.Code 1975, punishable by imprisonment for “not more than six months.” § 13A-5~7(a)(2), Ala.Code 1975. Price was sentenced to one year’s imprisonment for resisting arrest; that sentence exceeds the maximum authorized by law and is, therefore, void. See, e.g., Ferguson v. State, 565 So.2d 1172, 1173 (Ala. Crim.App.1990) (“When the court imposes a sentence in excess of that authorized by statute, it exceeds its jurisdiction, and the sentence is consequently void.”).
Accordingly, we remand this cause to the trial court with directions for that court to resentence Price for the resisting-arrest conviction in accordance with § 13A-5-7, Ala.Code 1975. Due return should be filed with this Court no later than 28 days from the date of this opinion.
AFFIRMED BY MEMORANDUM AS TO CONVICTION AND SENTENCE FOR THIRD-DEGREE ESCAPE;* REMANDED WITH DIRECTIONS AS TO SENTENCING FOR RESISTING ARREST.** .
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.

 Note from the reporter of decisions: This case will also appear on a table of decisions without opinions.

 Note from the reporter of decisions: On February 16, 2001, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On February 26, 2001, that Court placed the case on rehearing ex mero motu, and remanded with directions, by order of the Court, without an opinion. On April 20, 2001, the Court affirmed as to the sentence for resisting arrest, without opinion.