I concur in the main opinion. I add that the nullification of this death sentence is necessary for another, independent reason.
The only aggravating circumstance claimed by the State and purportedly invoked by the trial court was not authorized by the applicable statutory provisions. This defect is jurisdictional.
On or about January 2, 1977 two victims were shot to death. Tomlin was indicted in 1978 for double murder under the then-existing § 13-11-2(a)(10), Ala. Code 1975, which provided that one of the categories of capital murder was "[m]urder in the first degree wherein two or more human beings are intentionally killed by the defendant by one or a series of acts."
In 1999 Tomlin was tried (for the fourth time after three prior trials, convictions, death sentences, and reversals), convicted, and sentenced to death when the trial judge overrode the unanimous life recommendation by the jury. In sentencing Tomlin to death, the trial court expressly wrote:
 "`The only aggravating circumstance the Court finds to exist in this case is the one contained in the definition of the capital offense itself: that the defendant, Phillip Wayne Tomlin, committed murder in the first degree wherein two human beings were intentionally killed by the defendant by a series of acts.'"
Tomlin v. State, 909 So.2d 213, 278 (Ala.Crim.App. 2002). At the time of this double murder, 1977, the statutory aggravating circumstances were specified by the then-existing § 13-11-6, Ala. Code 1975, which did not include any such aggravating circumstance as that found by the trial court. Tomlin v. State,supra, at 278-79 (quoting the Code section).
Not until 1999, the year Tomlin was last tried, did the Legislature add the statutory aggravating circumstance that "[t]he defendant intentionally caused the death of two or more persons by one act or pursuant to one scheme or course of conduct," § 13A-5-49(9), Ala. Code 1975. The constitutional prohibitions against applying ex post facto laws against criminal defendants foreclose the application of this new §13A-5-49(9) aggravating circumstance against Tomlin. Art. I § 10, cl. 1, U.S. Const.; Article I, § 7 and § 10, Ala. Const. 1901;Walker v. State, 433 So.2d 469, 470 (Ala. 1983); Taylor v.City of Decatur, 465 So.2d 479 (Ala.Crim.App. 1984); and Lyncev. Mathis, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997).
Tomlin argued to the Court of Criminal Appeals that his death sentence was illegal for the absence of any aggravating circumstance. That court, however, cites Beck v. State,396 So.2d 645, 663 (Ala. 1980), for the proposition that double murder was an aggravating circumstance in 1977. Tomlin v. State,supra, at 279. The Court of *Page 289 
Criminal Appeals quotes this language from Beck:
 "In Alabama, the aggravating circumstances constitute an element of the capital offense and are required to be `averred in the indictment' (Code 1975, § 13-11-2), and must be proved beyond a reasonable doubt. Consequently, the jury verdict that the defendant was guilty of committing the capital offense would mean that the State had already established at least one aggravating circumstance, even though the legislature did not include an aggravating circumstance in § 13-11-6 to correspond with the `aggravation' made a part of each capital offense by § 13-11-2(a)."
Beck, 396 So.2d at 663. Beck, however, is distinguishable from the case now before us in that Beck was charged with murder during the commission of a robbery:
 "`Gilbert Franklin Beck . . . feloniously took . . . $73.00, the property of Roy Malone, from his person or in his presence, and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same, and during the course of said robbery the said defendant did unlawfully and intentionally, and with malice aforethought, kill Roy Malone, the victim of said robbery, by cutting the said Roy Malone with a knife.'"
Beck v. State, 365 So.2d 985, 987 (Ala.Crim.App. 1978). The during-the-course-of-a-robbery element was an aggravating circumstance specified in the then-existing § 13-11-6, while double murder or multiple murder, as in Tomlin's case now before us, was not specified as such an aggravating circumstance.
Section 13-11-4, Ala. Code 1975, as it then existed, provided:
 "Notwithstanding the fixing of the punishment at death by the jury, the court, after weighing the aggravating and mitigating circumstances, may refuse to accept the death penalty as fixed by the jury and sentence the defendant to life imprisonment without parole, which shall be served without parole; or the court, after weighing the aggravating and mitigating circumstances, and the fixing of the punishment at death by the jury, may accordingly sentence the defendant to death. If the court imposes a sentence of death, it shall set forth in writing, as the basis for the sentence of death, findings of fact from the trial and the sentence hearing, which shall at least include the following:
 "(1) One or more of the aggravating circumstances enumerated in section 13-11-6, which it finds exists in the case and which it finds sufficient to support the sentence of death;
"(2). . . ."
(Emphasis added.) Therefore, at least one of the aggravating circumstances specified in § 13-11-6 was prerequisite to a death sentence. Beck does not purport to eliminate the requirements of § 13-11-4.
Thus, this death sentence is illegal for the absence of an "aggravating circumstance enumerated in section § 13-11-6." "When the court imposes sentence in excess of that authorized by statute, it exceeds its jurisdiction, and the sentence is consequently void." Ferguson v. State, 565 So.2d 1172, 1173
(Ala.Crim.App. 1990) (citing Ex parte McKivett, 55 Ala. 236
(1876); City of Birmingham v. Perry, 41 Ala.App. 173,125 So.2d 279 (1960); and Ex parte Brannon, 547 So.2d 68 (Ala. 1989)).
Tomlin does not seek certiorari review on this particular issue. We may, however, recognize plain error, Rule 39(a)(2)(D), Ala. R.App. P., as this error is; and we must recognize the lack of jurisdiction to impose a sentence. "`Matters concerning unauthorized sentences are jurisdictional,' *Page 290 Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App. 1994); therefore, we may take notice of an illegal sentence even though [the defendant] did not raise the issue in the trial court or in his brief on appeal." Bowles v. State, 784 So.2d 1077, 1080
(Ala.Crim.App. 2000).