This is a paternity case.
The mother filed a paternity complaint in the District Court of Conecuh County naming the appellee, Askew, as the father. Thereafter, Askew, without the assistance of a lawyer, filed a motion in district court requesting that human leucocyte antigen tests (HLA blood tests) be performed on the mother, child, and himself. The district court granted Askew's motion and the HLA tests were performed. The results of the tests indicated that the probability of paternity was 95.7%. The tests did not exclude Askew as the father. Subsequently, the district court found that Askew was the father. Askew then appealed to the circuit court for a trial de novo.
One week before trial in circuit court, Askew, now represented by counsel, filed a motion in limine to suppress the results of the HLA blood tests. Askew contended at trial, and contends on appeal, that the results of the HLA tests should not be allowed in evidence because section 26-12-5, Ala. Code (1975), permits the admission of blood tests only in cases where the tests *Page 37 
definitely exclude the defendant as the father.[1]
The circuit court granted Askew's motion in limine. The case was tried by a jury and Askew was found not to be the father of the child. The state and the mother now appeal.
The only issue raised on appeal is whether the trial court erred in granting Askew's motion in limine. Considering the circumstances of this case, we cannot say the trial court erred in granting the motion.
The record before this court does not contain a transcript of the trial. This court cannot put the trial court in error without engaging in speculation as to what occurred at the trial level.
We are guided by the longstanding rule that any errors committed by the trial court must be affirmatively demonstrated by the record filed in this court, and if it does not disclose the facts upon which an alleged error is based, we will not consider that issue. Teng v. Diners Club, Inc., 424 So.2d 629
(Ala.Civ.App. 1982). This rule is based upon the fundamental proposition that an appellate court will not presume error and will affirm the judgment appealed from if supported on any valid legal ground. Tucker v. Nichols, 431 So.2d 1263 (Ala. 1983).
The situation in this instance is further compounded by the very nature of motions in limine. The trial court has broad discretion in evidentiary matters. See Louisville N.R.R. v.Phillips, 293 Ala. 713, 310 So.2d 194 (1975).
 "In keeping with the vesting of broad discretion in the trial court in this area, it is generally held that the granting of a motion in limine can never be reversible error. The non-moving party may repeat at trial, preferably out of the hearing of the jury, his request for permission to prove the contested matter. This offer of proof is required in order to isolate the error for appeal. It is this refusal at trial to accept the proffered evidence, not the granting of the pretrial motion in limine, that serves as the basis for reversible error. Of course, this ability to bring up the matter a second time would not be available if counsel had requested and the judge had granted a prohibitive-absolute motion in limine."
Gamble, The Motion in Limine: A Pretrial Procedure That HasCome of Age, 33 Ala.L.Rev. 1 (1981).
While it might be said that the trial court's order in this instance granting the motion in limine is the "prohibitive-absolute" type referred to above, we are not absolutely convinced that it is one of this type.
In any event, the motion and the order granting the motion came at least a week before trial. It could have been that the contested evidence was directly or indirectly conveyed to the jury. It could also have been that there was convincing proof that the putative father did not have access to the mother during the crucial period, and therefore, the refusal to admit the tests was harmless error. It is obvious that any speculation on our part is pointless and prohibited.
Therefore, considering the nature of motions in limine, the broad discretion accorded the trial court, and the incompleteness of the record, we cannot say the trial court erred to reversal. This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] It appears that under the Alabama Uniform Parentage Act, 1984 Ala. Acts 84-244, which would now apply to proceedings of this nature, the HLA blood tests would be admissible. *Page 38