Appellants Lewis Perry Howard and Walter Gollotte were cited by a conservation officer for trespassing and for fishing without a permit. Convicted in district court, appellants demanded a jury trial. The jury convicted them on both counts.
The trespass and fishing without a permit charges were the result of deliberate acts by the appellants challenging the validity of a decree of the circuit court enjoining them from trespassing and fishing where they did. The property owners had brought a civil lawsuit in 1982, naming both appellants here as respondents, seeking to stop their activities. A jury had ruled in favor of the property owners that the body of water in question was private property and was not, under the law, "navigable." The circuit court then issued an order and decree binding on appellants, permanently enjoining these appellants from trespassing and from fishing this property.
 I
Appellants argue that their convictions are due to be reversed because, they contend, the trial court erred in granting the state's motion in limine. This motion precluded appellants from relitigating the legal question of whether the body of water known as Lewis Creek was or was not a navigable stream.
After the conclusion of the civil action in 1982, the appellants contacted the Army Corps of Engineers in an effort to overcome the circuit court ruling. They desired to introduce a letter from the Army Corps of Engineers which had a bearing on the issue of navigability. Their desire to relitigate this question was the underlying reason for these violations. Appellants sought to reopen the question of ownership of the property by reopening the issue of navigability.[1] They contend this evidence would show that they did not intend to commit a criminal act. Lewis Creek was clearly posted and the "knowingly" element of criminal trespass was well established by the evidence.
We have held that the trial court has broad discretion with regard to motions in limine. State v. Askew, 455 So.2d 36
(Ala.Civ.App. 1984). Furthermore:
 "In keeping with the vesting of broad discretion in the trial court in this area, it is generally held that the granting of a motion in limine can never be reversible error. . . . It is this refusal at trial to accept the proffered evidence, not the granting of the pretrial motion in limine, that serves as the basis for reversible error." 455 So.2d at 37, quoting Louisville Nashville Railroad v. Phillips, 293 Ala. 713, 310 So.2d 194
(1975).
Appellants were well aware that the 1982 court order was still in effect. What we perceive here is a knowing and deliberate act, calculated, obviously without advice of counsel, to defy and test the criminal laws. No error was committed in refusing to rehash the question of whether the property was private property.
 II
Appellants also seek a reversal because the court denied them a continuance. Appellants were arrested on July 10, 1985, and trial was held on November 11, 1985. Appellants had three months to prepare a defense. It is well settled that a continuance in a criminal trial is addressed to the sound discretion of the court and will not be disturbed unless clearly abused. Young v. State, 469 So.2d 683 (Ala.Cr.App. 1985); Dawkins v. State, 455 So.2d 220 (Ala.Cr.App. 1984);Sparks v. State, 450 So.2d 188 (Ala.Cr.App. 1984). Many trials are commenced by a last minute motion for continuance by the party least favored by the provable facts.
Appellant argues that the trial court abused its discretion because the judge remarked, "I walk in here, I got a jury, I'm ready to go. . . . " This statement is taken out of context and is only a small part of *Page 353 
the response by the court. The judge was under no obligation to state any reasons for his decision on the motion. We find no abuse of discretion.
 III
Appellants also contend that the trial court erred when they were not allowed to relitigate the "navigable stream" issue by cross-examination after there was mention of navigability in a non-responsive answer. Steve Coe, the arresting officer, testified at trial:
 "Well, I had had a complaint there might be some fishing on Lewis Creek, which in the past had been deemed non-navigable. And at that time was deemed nonnavigable."
The appellants did not react immediately to this answer, but later contended that the latter part of the answer, although non-responsive, opened the door and gave them the desired opportunity. The court stated, out of the presence of the jury:
 "And I'm going to deny the Motion. I'm sorry he mentioned it at all. Don't see why you did. He didn't ask you anything about that. You just stuck it in there gratuitously. I'm taking the position and I want it made clear if these men hadn't been party to the suit here, I might listen to your arguments. They are not bigger than the law. When this Court tried a case with them involved and the issue — you had a Decree that that was a nonnavigable stream, until some Court with the proper authority to set that Decree aside does so, they're bound by it. . . ."
We do not see that the state violated the order in limine by virtue of the non-responsive part of the witness's answer.
 "The scope of cross-examination in a criminal proceeding is within the discretion of the trial judge, and it is not reviewable except for the trial judge's prejudicial abuse of discretion. The right to a thorough and sifting cross-examination of a witness does not extend to matters that are collateral or immaterial and the trial judge is within his discretion in limiting questions which are of that nature." Coburn v. State, 424 So.2d 665, 669 (Ala.Cr.App. 1982); Collins v. State, 364 So.2d 368 (Ala.Cr.App. 1978).
The court did not err. The issue of navigability of Lewis Creek was settled in a civil action some four years before.
 IV
Appellants next argue that the trial court erred in denying their motion for judgment of acquittal, contending that there was a failure of proof as to lack of permission to be on the land. It is undisputed and conceded that the appellants, in fact, had no permission from either Southern Railway or the individuals.
The motion for judgment of acquittal was specifically directed to other matters only. The court was never presented with this question, and no adverse ruling was made. "An issue raised for the first time on appeal is raised too late for review. Review by this court is limited to matters properly raised in the trial court." Vinzant v. State, 462 So.2d 1037,1040 (Ala.Cr.App. 1984); Dailey v. State, 374 So.2d 414
(Ala.Cr.App. 1979). "A party must apprise the trial court of the basis for an objection with sufficient particularity to allow an informed decision to be made on the legal issue involved." Hughes v. State, 412 So.2d 296, 298 (Ala.Cr.App. 1982); Bland v. State, 395 So.2d 164 (Ala.Cr.App. 1981).
 V
Appellant argues further that the trial court erred in refusing appellants' requested jury charge. Appellants' requested charge stated that the jury must find that there was a warning by the land owners to appellants.
Section 13A-7-4, Code of Alabama 1975, does not require a warning.
 VI
Appellants contend that the trial court erred in refusing to grant their motion for new trial.
 "The decision on a motion for new trial rests largely within the sound discretion *Page 354 
of the trial court and, in reviewing such decision, the Court of Criminal Appeals will indulge every presumption in favor of the correctness thereof. Ala.Dig. Crim.Law, § 911." Woodard v. State, 401 So.2d 300, 305 (Ala.Cr.App. 1981).
We have carefully reviewed the record and find no abuse of discretion in regard to the denial of the new trial.
Another contention of appellant does not merit discussion here. The judgment is affirmed.
AFFIRMED.
All the Judges concur except BOWEN, P.J., who concurs in result only.
[1] In oral argument counsel advised that the issue has now been relitigated in circuit court in a civil suit, with the result again that the water is non-navigable and private, and, further, that there is an unfinished suit in federal court on the same issue.