RICHARD L. HOLMES, Retired Appellate Judge.
Willis R. Simmons and Subrena Lee Simmons, his wife (hereinafter collectively referred to as Simmons), filed suit against Susanne Haw Peacock, alleging that Mr. Simmons was injured in an automobile accident due to the negligence of Peacock. During the course of the lawsuit, an independent *453 medical examination (IME) of Mr. Simmons was conducted by D. Bruce Woodham, M.D.
A videotaped deposition of Dr. Woodham was taken for use at trial. During the course of the deposition, the attorney for Simmons questioned Dr. Woodham, asking whether he was aware that the IME was being conducted at the request of ALFA Insurance Company (ALFA) and how much ALFA was paying him for his testimony. The attorney for Simmons also asked Dr. Woodham numerous questions about an automobile accident in which Dr. Woodham was involved, which resulted in his being named as a defendant in a lawsuit. There were also questions to Dr. Woodham regarding the settlement of the lawsuit: whether his insurance company had covered all the damages (he had to personally pay $75,000 in settlement of the case) and whether his insurance premiums increased as a result of this accident.
Thereafter, Peacock filed a motion to strike and a motion in limine, requesting the trial court to direct Simmons and his attorney to refrain from injecting insurance into the case and to strike the questions from Dr. Woodham’s deposition pertaining to ALFA and to Dr. Woodham’s personal involvement in, and settlement of, an automobile accident claim. After a hearing, the trial court granted the motions.
The case proceeded to trial, and the jury rendered a verdict in favor of Peacock.
Simmons filed a motion for a new trial, wherein he stated, as one of his grounds, that the trial court erred when it granted Peacock’s motion in limine, and more specifically, when it granted the motion in regards to Dr. Woodham’s personal involvement in an automobile accident and the settlement of the resulting litigation. The motion was denied.
Simmons appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6). For the reasons stated below, we cannot say that the trial court erred in granting the motion in limine.
On appeal Simmons contends that the trial court erred to reversal when it granted Peacock’s motion in limine and allowed Peacock to have Dr. Woodham’s videotaped deposition edited. As previously noted, the videotaped deposition was edited to delete the line of questions regarding ALFA’s involvement in the ease and Dr. Woodham’s personal involvement in an automobile accident and the resulting litigation. Simmons argues that this ruling by the trial court denied him the opportunity to demonstrate to the jury the obvious bias on the part of the doctor who conducted the IME.
Initially, we must determine whether Simmons properly préserved this issue for appellate review.
In C. Gamble, The Motion in Limine: A Pretrial Procedure That Has Come of Age, 33 Ala.L.Rev. 1, 16 (1981), Dean Gamble dealt with this issue in the following manner:
“In keeping with the vesting of broad discretion in the trial court in this area, it is generally held that the granting of a motion in limine can never be reversible error. The non-moving party may repeat at trial, preferably out of the hearing of the jury, his request for permission to prove the contested matter. This offer of proof is required in order to isolate the error for appeal. It is this refusal at trial to accept the proffered evidence, not the granting of the pretriaRmotion in limine, that serves as the basis for reversible er-pr. Of course, this ability to bring up the matter a second time would not be available if counsel had requested and the judge had granted a prohibitive-absolute motion in limine.”
(Footnotes omitted.)
In Perry v. Brakefield, 534 So.2d 602, 606 (Ala.1988), our supreme court stated that “[t]he clear holding of these cases is that unless the trial court’s ruling on the motion in limine is absolute or unconditional, the ruling does not preserve the issue for appeal.”
The record on appeal contains a transcript of the hearing on the motion in limine. It does not appear from our reading of the record that the ruling on the motion in limine was absolute or unconditional. Consequently, in order to preserve the issue for appeal, Simmons must have made an offer of proof of the excluded testimony at trial, and the trial *454 court must have refused to accept the proffered evidence.
However, the record before this court does not contain a transcript of the trial. It is well settled that any errors committed by the trial court must be affirmatively demonstrated by the record filed in this court, and if the record does not disclose the facts upon which an alleged error is based, we will not consider that issue. State v. Askew, 455 So.2d 36 (Ala.Civ.App.1984).
In light of the above, we cannot say that Simmons preserved this issue for appellate review.
Further, we recognize that the trial court has broad discretion in evidentiary matters. Askew, 455 So.2d 36. The record on appeal does contain a transcript of the deposition of Dr. Woodham. After reviewing this transcript, we cannot say that the trial court abused its broad discretion in granting Peacock’s motion in limine.
This case is due to be affirmed.
Simmons and Peacock both filed motions for attorney fees. These motions are denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.