RICHARD L. HOLMES, Retired Appellate Judge.
In March 1995 Timothy Bolden filed a multi-count complaint against Father Cordell Lang, McGill Toolen Catholic High School (McGill Toolen), St. Mary’s Catholic Church (St.Mary’s), Archdiocese of Mobile, National Conference of Catholic Bishops (NCCB), and United States Catholic Conference (USCC).
The complaint alleged that Bolden attended school at McGill Toolen from 1988 through 1991 and that during that time, Lang served in the dual role of associate priest at St. Mary’s and guidance counselor for students attending McGill Toolen. The complaint further alleged that during this time, Lang caused Bolden, who was a 14-year-old ninth grader when he began attending McGill Toolen, to engage in unlawful and immoral sexual acts while Bolden was of tender years. The complaint also alleged that the other named defendants negligently hired and/or supervised Lang and that the other named defendants negligently and/or wantonly placed Lang in a position where he would have contact with young children.
The defendants filed a motion to bifurcate the trial of the issues. The defendants stipulated, “All parties shall be bound by the result of the first trial of [Bolden] against [Lang] on the issue of whether the injurious acts alleged in the complaint were or were not committed by [Lang].” The trial court granted the motion to bifurcate.
In April 1996 the matter of Bolden versus Lang proceeded to trial before a jury. On April 4, 1996, the jury returned a verdict in favor of Lang, and the trial court entered a judgment on the verdict.
Bolden filed a motion for a judgment notwithstanding the verdict or, in the alternative, a motion for a new trial, which was denied. On June 12, 1996, the trial court issued an order, which stated the following, in pertinent part:
“Upon consideration of the [summary judgment] motion, oral argument, and briefs of counsel, and considering the verdict rendered in favor of [Lang] on the first portion of the bifurcated trial of this cause, the court is of the opinion that the motion for summary judgment by [the Archdiocese of Mobile, St. Mary’s, and McGill Toolen] is due to be, and hereby is, granted.
“The court also considered the oral motion of the defendants, [USCC and NCCB,] for a dismissal of the action based upon the finding of the jury in the first portion of the bifurcated trial in favor of [Lang] and the stipulation [of the parties].... Now based upon that verdict rendered by the jury in favor of [Lang], the court finds that no basis for liability exists as to the remaining defendants. [USCC and NCCB] therefore ought to be, and hereby are, dismissed, with prejudice.”
The trial court certified the judgments as final pursuant to Rule 54(b), Ala. R. Civ. P.
Bolden appeals. USCC and NCCB cross-appeal.
On appeal Bolden contends that the trial court committed reversible error when after Lang took the stand at trial and denied the truth of the allegations asserted in the complaint, the trial court refused to allow *56 Bolden to introduce evidence that Lang had asserted his Fifth Amendment privilege against self-incrimination during the discovery process. Bolden also contends that the trial court committed reversible error when it entered a summary judgment in favor of the Archdiocese of Mobile, St. Mary’s, and McGill Toolen.
Our review of the record reveals the following pertinent facts: Initially, Lang filed a motion to dismiss, which was denied in May 1995. In May 1995 Lang answered interrogatories propounded by Bolden. Lang answered interrogatories 11, 15, 16, 18, and 24 in the following manner:
“Objection. My attorneys advise me that you have accused me of potentially criminal conduct and this question calls for disclosure of information which is subject to my Fifth Amendment constitutional privilege, and they advise me to assert my constitutional right in that regard. As such, I object to providing the information requested and assert the Fifth Amendment privilege as grounds for such objection.”
We would note that the record contains a copy of Lang’s answers, but it does not contain a copy of the interrogatories propounded by Bolden.
In June 1995 Lang filed an answer to the complaint, denying the allegations of the complaint.
On July 19, 1995, Lang, through his attorney, filed a motion, requesting that the trial eourt appoint a guardian ad litem on behalf of Lang for the following reasons: Lang was suffering from the advanced stages of multiple sclerosis, which had impaired Lang’s ability to make judgments and decisions on his own behalf, and Lang’s attorney desired the appointment of a guardian to assure informed consent by, and on behalf of, Lang. On July 24, 1995, the trial court granted the motion and appointed a guardian ad litem for Lang.
On July 25, 1995, Lang gave testimony at his deposition. The record contains only excerpts of Lang’s deposition testimony, and our review of the record reveals that there is only one place where the guardian ad litem asserted the Fifth Amendment privilege on behalf of Lang. We would note that there were questions that Lang answered in the negative, i.e., “Did you, at any time, perform oral sex on [Bolden] between 1988 and 1991?”
On April 1, 1996, Lang filed a motion in limine, requesting the trial court “to prohibit [Bolden] from referring to the fact that [Lang’s] guardian ad litem asserted [Lang’s] Fifth Amendment privilege in certain respects” and “not to instruct the jury that it can draw an adverse inference from his guardian’s invocation of the Fifth Amendment.” We would note that the motion in limine dealt with Lang’s deposition testimony-
The parties argued the motion in limine prior to voir dire of the jury. The trial court granted Lang’s motion in limine.
We would note that the trial court has broad discretion in determining whether to grant a motion in limine, and its decision will not be reversed absent a plain and palpable abuse of discretion. Jefferson County v. Southern Natural Gas Co., 621 So.2d 1282 (Ala.1993).
In C. Gamble, The Motion in Limine: A Pretrial Procedure That Has Come of Age, 33 Ala. L.Rev. 1, 16 (1981), Dean Gamble dealt with this issue in the following manner:
“In keeping with the vesting of broad discretion in the trial court in this area, it is generally held that the granting of a motion in limine can never be reversible error. The non-moving party may repeat at trial, preferably out of the hearing of the jury, his request for permission to prove the contested matter. This offer of proof is required in order to isolate the error for appeal. It is this refusal at trial to accept the proffered evidence, not the granting of the pretrial motion in limine, that serves as the basis for reversible error. Of course, this ability to bring up the matter a second time would not be available if counsel had requested and the judge had granted a prohibitive-absolute motion in limine.”
(Emphasis in original) (footnotes omitted).
In Perry v. Brakefield, 534 So.2d 602, 606 (Ala.1988), our supreme court stated that *57 “[t]he clear holding of these cases is that unless the trial court’s ruling on the motion in limine is absolute or unconditional, the ruling does not preserve the issue for appeal.” (Emphasis in original.)
In Parks v. State, 587 So.2d 1012, 1015 (Ala.1991), the court stated that in order to preserve the issue for appeal, the party who suffers an adverse ruling on a motion in limine must take some action at trial (whether it is to proffer the excluded evidence or to object to the proffered evidence and assign grounds) “unless he or she obtains the express acquiescence of the trial judge that a subsequent [proffer of the excluded evidence or] objection and assignment of grounds are not necessary.”
We would note that during the presentation of Bolden’s case-in-chief, he called Lang as a witness. When questioned, Lang denied the allegations made by Bolden. The record reveals that while there was an off-the-record bench conference during the time that Bol-den’s attorney was questioning Lang, Bol-den’s attorney did not attempt to proffer any evidence on the record to impeach Lang with Lang’s invocation of his Fifth Amendment privilege during the discovery process.
It does not appear from our reading of the record that the ruling on the motion in limine was absolute or unconditional. Consequently, in order to preserve the issue for appeal, Bolden, during the trial, must have made an offer of proof of the excluded deposition testimony, and the trial court must have refused to accept the proffered evidence. Simmons v. Peacock, 636 So.2d 452 (Ala.Civ.App.1994). As previously noted, Bolden failed to proffer any evidence on the record to impeach Lang with Lang’s invocation of his Fifth Amendment privilege during the discovery process.
We would also note that Bolden recalled Lang during rebuttal. The questions asked on rebuttal centered on whether Lang had signed certain documents.
Thereafter, outside the presence of the jury, Bolden proffered Lang’s answers to interrogatories. It appears that Bolden made the proffer in an attempt to rebut Lang’s position (aided by the testimony of Lang’s doctor) that Lang’s memory has been impaired by multiple sclerosis and that Lang can remember some events, names, etc., but not other events, names, etc.
We would note that the trial court reviewed both the interrogatories and Lang’s answers to these interrogatories before making the decision to sustain Lang’s objection to Bolden’s proffer. While these interrogatories and answers were marked as exhibits, the record does not contain a copy of the interrogatories, only Lang’s answers to these interrogatories.
In Gober v. Khalaf, 628 So.2d 416, 417 (Ala.1993), our supreme court stated the following:
“A trial court has wide discretion to determine whether evidence is relevant, material, or remote and has wide discretion to exclude or to admit evidence, even if that evidence is of minor probative value, so long as that evidence sheds light on, but does not withdraw from, the main inquiry. However, when evidence would serve little purpose except to arouse the passion or the sympathy of the jury, the trial court may exclude that evidence and may, within its discretion, exclude such other evidence as it deems unduly prejudicial.”
(Citations omitted.) As the trial court reviewed both the interrogatories and Lang’s answers to these interrogatories prior to issuing its ruling, and because we do not have the interrogatories before us in the record on appeal, we cannot hold the trial court in error. Liberty Loan Corp. v. Williams, 406 So.2d 988 (Ala.Civ.App.1981).
Additionally, we would note that jury verdicts are presumed correct and that such a presumption is strengthened by the trial court’s denial of a post-judgment motion for a new trial. Brown v. Lawrence, 632 So.2d 462 (Ala.1994).
As previously noted, the jury found in favor of Lang. Because the jury determined no liability on the part of Lang, there existed no genuine issue of a material fact regarding the liability of the remaining defendants for Lang’s alleged actions toward Bolden. Consequently, we find that the trial court properly entered a summary judgment in favor of the remaining defendants.
*58 As previously noted, USCC and NCCB filed a cross-appeal. The issue raised in the cross-appeal was whether the trial court committed reversible error when it denied USCC and NCCB’s motion to dismiss on the grounds that the court lacked in personam jurisdiction over those defendants.
As previously noted, the trial court stated the following in its June 1996 order: “[USCC and NCCB] therefore ought to be, and hereby are, dismissed, with prejudice.” In light of the fact that we affirmed the trial court’s judgment in favor of Lang and the fact that the trial court dismissed USCC and NCCB with prejudice, we pretermit discussion of this issue.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Gode 1975, § 12-18-10(e).
AFFIRMED.
All the Judges concur.